No. 13512. Delivered June 18, 1930.
Rehearing denied October 29, 1930.
Reported in 31 S. W. (2d) 825.

The opinion states the case.

*Reed & Edwards* of Clarksville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for burglary; punishment, two years in the penitentiary.

The record contains only one bill of exception. It is to be regretted that in same those matters stated as grounds of objection, were in no way verified as true by any certificate or statement of the trial court; nor does the bill show any facts from which we can be informed sufficiently that the testimony objected to was incompetent. Such bills have uniformly been held insufficient.

We have carefully examined the evidence and deem it to be sufficient. Appellant admitted on the trial that he went with another young man on the night in question to the garage of prosecuting witness, and that he sat in a car not far away while the other young man entered said building for the purpose of stealing batteries. The defensive testimony was chiefly that the door of the garage was not

closed, but the owner testified positively to the fact that it was closed. The jury have resolved these fact issues against appellant, and we are not in a position to say the testimony was not sufficient.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is urged on motion for rehearing that in failing in his charge to limit the purpose for which certain evidence was admitted the court committed error for which the judgment should be reversed, although no objection for such omission was presented at the time of trial. Appellant cites several authorities which apparently support his position, but it will be found that all of them are cases which were decided before 1913 at which time the present law was passed requiring objections to the charge to be in writing and presented before the charge is read to the jury, Art. 658 and 666 C. C. P. (See Lowe v. State, 228 S. W. 674 and authorities therein cited; Lane v. State, 111 Tex. Cr. R. 367, 12 S. W. [2d] 1027; Texas Jurisprudence, Vol. 4, Sec. 137.)

The motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.