BOB WILSON v. THE STATE.

No. 2375. Decided March 26, 1913.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where, upon trial of assault to murder, the evidence sustained the conviction, there was no error on this ground.

**2.—Same—Evidence—Co-Conspirators—Motive—Limiting Testimony.**

What is said and done by any of the conspirators pending the conspiracy and in furtherance of the common design is admissible against the one on trial, though said and done in his absence; and where such testimony showed the motive of the parties, there was no error in the court's failure to limit the same.

**3.—Same—Severance—Change of Venue.**

Where a severance is granted, there was no error in changing the venue to

different counties; especially, where this is done with the consent of the defendants.

**4.—Same—Evidence—Conversation.**

Under article 811, Code Criminal Procedure, the whole of the conversation as it relates to the same matter may be inquired into by the opposite party, when part of a conversation is introduced in evidence by one party. Following Carter v. State, 59 Texas Crim. Rep., 73.

**5.—Same—Evidence—Supporting Testimony.**

Where the theory of the State was that the defendant and his companions had stopped at a certain place to waylay the assaulted party, there was no error in admitting testimony in support of the prosecutor that he had lost his hat there.

**6.—Same—Charge of Court—Defense Theory.**

Where, upon trial of assault to murder, the evidence showed that the defendant did not do the actual shooting and that during the difficulty between the prosecutor and defendant's companions the defendant declared that they wait a minute to hear what prosecutor had to say, when the only shot was fired by one of defendant's companions, who was not in the conspiracy with defendant to whip the prosecutor, the court should have submitted defendant's requested charges on this theory of the case.

**7.—Same—Charge of Court—Aggravated Assault—Conspiracy.**

Where the State's evidence showed that the defendant with others entered into a conspiracy to whip the party assaulted if he did not make a satisfactory explanation, and one of said companions afterwards shot at the party injured and went further than the conspiracy originally contemplated, the court should have submitted this phase of the case, as defendant would not be guilty of a graver offense than aggravated assault. Following Goodwin v. State, 58 Texas Crim. Rep., 496, and other cases.

**8.—Same—Charge of Court—Conspiracy—Theory of Defense.**

Where the State's case was based on the theory of a conspiracy which defendant combated in his evidence, and it was also shown that the shot was fired by one of defendant's companions, the court should have instructed the jury that unless the jury found that a conspiracy existed to take the life of the assaulted party, they could not consider the testimony of the acts and conduct of the companions against the defendant.

Appeal from the District Court of Ochiltree. Tried below before the Hon. F. P. Greever.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

*R. T. Gorrell* and *Willis & Willis,* for appellant.—On question of the court's failure to submit aggravated assault: Moore v. State, 33 Texas Crim. Rep., 306; Stevens v. State, 38 id., 550; Chatman v. State, 40 id., 272.

On question of changing venue to different county: Ex Parte Walker, 3 Texas Crim. App., 668; Cock v. State, 8 id., 659; Vance. v. State, 34 Texas Crim. Rep., 395.

On question of declarations of co-conspirators: Armstead v. State, 22 Texas Crim. App., 51; Estes v. State, 23 id., 600; Crook v. State, 27 id., 198; Chapman v. State, 45 Texas Crim. Rep., 479; Wallace v. State, 48 id., 318; Bowen v. State, 47 id., 137.

On question of court's failure to charge on defendant's theory of defense: Ripley v. State, 51 Texas Crim. Rep., 126; Smith v. State, 52 id., 27; Munroe v. State, 47 id., 59; McMahon v. State, 46 id., 540.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of assault to murder, and his punishment assessed at two years confinement in the penitentiary.

The evidence would show that Jeff Wilson and Dorsey Jones had a fight, in which Jeff Wilson was apparently given a whipping. The State's theory of the case is that on account of this whipping Jeff, Andrew and Bob Wilson and Joe Allen entered into a conspiracy to kill Dorsey Jones, and in pursuance of that conspiracy one of them did shoot him, all the others being present, and we might add here that the evidence offered in behalf of the State would support the verdict.

There was a severance, and appellant alone tried. He admits that he and his brothers Jeff and Andrew went to see Jones, but says that Joe Allen and Jeff Wilson reported to Andrew Wilson that Jones had made very insulting remarks about his (Andrew's) stepdaughter, and that Andrew stated that he was going to see Jones about the matter; and requested appellant to go with him; that Jeff Wilson also went along in the buggy, as he had reported to Andrew the remarks imputed to Jones. Appellant says Joe Allen did not go with them, and they did not know of his intended presence at this place. Appellant further testifies that neither he nor either of his brothers were armed; that the shot was fired by Joe Allen without their knowledge or consent.

The State's evidence would, however, authorize the jury to find that it was Jeff Wilson who shot Jones. The evidence for the State and defendant both would show that when Andrew Wilson assaulted Jones (whether done under the circumstances as claimed by the State or as claimed by defendant) that appellant exclaimed, "Wait a minute—let's hear his (Jones) plea."

The court admitted in evidence the acts, words and conduct of Joe Allen and others indicted from and after the time of the fight between Jeff Wilson and Jones until the shooting took place. As the State's theory was that a conspiracy was entered into by and between the four persons to kill Jones, the court did not err in admitting in evidence all facts and circumstances in furtherance of this design by each of the parties, even though all of them may not have been present when each remark was made. It has always been held by this court that what is said and done by any of the conspirators pending the conspiracy and in furtherance of the common design, is admissible against the one on trial, though said and done in his absence. Gracy v. State, 57 Texas Crim. Rep., 68, 121 S. W. Rep., 705. Therefore, none of the bills of exception to the admissibility of this testimony present any error. Appellant contends, however, if the testimony that a fight had occurred,

and the other circumstances were admissible, then the court ought to have limited same in his charge, and cites us to the case of Maines v. State, 23 Texas Crim. App., 568, wherein it is held "that whenever extraneous matter is admitted in evidence for a specific purpose, incidental to, but which is not admissible directly to prove the main issue, and which might tend, if not explained, to exercise a strong, undue or improper influence upon the jury as to the main issue, injurious and prejudicial to the party, then it becomes the imperative duty of the court in its charge to so limit and restrict it as that such unwarranted results can not ensue." This is a correct rule of law, but it will be noticed that it is only when it is not directly admissible to prove the main issue that it is necessary to limit it. The fight and the whipping given Jeff Wilson by Jones was admissible to show the *motive* of the parties, and evidence which goes to show motive goes to prove the main case, and is never an incidental matter. Therefore, it was not necessary for the court to limit this testimony, and he did not err in refusing the special charges on this phase of the case.

Allen and the three Wilsons were jointly indicted; the case against Allen was dismissed, and the three Wilsons severed. A change of venue was sought and by agreement Andrew Wilson's case was sent to Carson County, and the venue of the case against the other two defendants was changed to Ochiltree County. After severance there was no error changing the venue to different counties, and especially is this true where it was done with the consent of the defendants.

When the defendant proved by Mr. L. A. Allen that his son Joe had stated to him that he shot Jones, it was not error to permit Mr. Allen to state all that was said that related to that matter in the same conversation. Article 811 provides that when part of a conversation is introduced in evidence by one party, the whole of the conversation in so far as it relates to the same matter, may be inquired into by the opposite party. (Carter v. State, 59 Texas Crim. Rep., 73, 127 S. W. Rep., 215.)

The testimony of Sam Hunter was also admissible as tending to support the testimony of Dorsey Jones that he had been jerked in the buggy, held down and shot, at which time he lost his hat. The finding of this hat at the place it was found would tend to show this to be true, and certainly his testimony as to the tracks, etc., he says he saw at the point Jones was shot would be admissible on the theory of the State that the parties had stopped there to waylay Jones as he came by.

Several questions are raised by appellant in the record which, in our opinion, present reversible error. As hereinbefore stated, the State's evidence amply supports the verdict that appellant was guilty of assault with intent to murder. However, the evidence all clearly shows that appellant did not do the shooting; that when Andrew Wilson grabbed Jones and pulled him in the buggy, as contended by the State, or when Jones pulled his knife and started towards Jeff, and Andrew struck him, this defendant said, "Wait a minute, let's hear his (Jones) plea,"

when the circumstances show that either Jeff Wilson or Joe Allen fired the shot, and that only one shot was fired. If it be conceded that the evidence conclusively shows that three Wilsons conspired to go down there and whip Jones, if they were unarmed, still appellant's testimony raised the issue that Joe Allen was not a party to the conspiracy, and that Joe Allen was the person who fired the shot without his knowledge or consent, and not in furtherance of any design to which he was a party. Appellant presented several special charges on this theory of the case, all of which were refused, and we are of the opinion that the evidence is such that this issue should have been aptly presented to the jury.'

Again appellant contends that if it be conceded that the three Wilsons entered into a conspiracy to seek Dorsey Jones and demand an explanation, and if not satisfactory, to whip him, then in that event if his brother Jeff Wilson went further than the conspiracy originally contemplated and shot Jones without his connivance or consent, he would be guilty of no graver offense than that within the original contemplation of the parties, and his contention is, that at the time of and just before the shooting, according to the testimony of both the State and defendant, that instead of aiding and abetting the person shooting, he was seeking to prevent trouble by requesting all parties to wait and give Jones a chance to explain. In a number of cases this court has held that if no more than a misdemeanor was contemplated in the original design, and one of the parties killed the deceased, which act was not in contemplation of the original design, those not participating in the graver offense would only be guilty of a misdemeanor, or the offense within their intent, and error to fail to submit this theory to the jury when raised by the testimony. (Goodwin v. State, 58 Texas Crim. Rep., 496, 126 S. W. Rep., 582; Cecil v. State, 44 Texas Crim. Rep., 450; Faulkner v. State, 15 Texas Crim. App., 115; Blain v. State, 30 Texas Crim. App., 702; Stevenson v. State, 17 Texas Crim. App., 618.) Appellant by his testimony raises the issue that the shooting of Jones, if a conspiracy should be found to have existed, was not within the terms of such conspiracy, and the shooting was done upon an independent impulse of Joe Allen or his brother Jeff Wilson, and if so, appellant would not be guilty of any greater offense than aggravated assault.

Also appellant requested the court to instruct the jury that unless they found that a conspiracy existed to take the life of Jones, not to consider as evidence against him the acts and conduct of Joe Allen. We are of the opinion that this charge should have been given. While the testimony was admissible under the theory of the State, which had support in the testimony, yet under appellant's contention no conspiracy existed and he had the right to have his theory also presented to the jury.

Other matters are complained of in the motion, but the rulings herein

made will be sufficient to indicate to the court the proper action in the premises on another trial, and we deem it unnecessary to discuss them.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*