L. A. LANE v. THE STATE.

No. 11924.   Delivered November 21, 1928.
Rehearing denied January 23, 1929.

The opinion states the case.

*Lockhart & Garrard* and *F. D. Brown* of Lubbock, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Indictment was presented against appellant in two counts, the first charging the unlawful transportation of spirituous liquor capable of producing intoxication, and the second charging the unlawful possession for the purpose of sale of such liquor. Appellant was convicted upon the first count and given a penalty of two years in the penitentiary.

Appellant and another were driving a car along a public highway near the town of Sterling City. Officers observed appellant, arrested him, and searched his car, finding a quantity of intoxicating liquor therein. The Sheriff testified over objection that appellant was drunk at the time of his arrest and the search of the car. It is vigorously insisted that such testimony was a conclusion of the officer and was inadmissible. It is well settled that an ordinary witness may give his opinion that another person was drunk. Stewart v. State, 38 Tex. Crim. Rep. 627; Henderson v. State, 49 Tex. Crim. Rep. 271; Underhill's Criminal Evidence (3rd Edition), Paragraph 278.

It is further insisted that the reception in evidence of the result of the search was erroneous because same was illegal and made without a proper search warrant. Under the Sheriff's testimony appellant was in the act of committing a felony within his view and under the express terms of Art. 212, C. C. P., he had the right to arrest without a warrant. Such right carries with it the right of search. McNeil v. State, 93 Tex. Crim. Rep. 259; Hightower v. State, 108 Tex. Crim. Rep. 602; Peoples v. State, 107 Tex. Crim. Rep. 261; Levine v. State, 4 S. W. (2nd) 553.

There was found in appellant's possession a book with certain items listed therein which tended to prove ʾsales of whiskey by appellant. This was objected to because its effect·was to prove extraneous crimes·in no way connected with the offense on trial. One of the main issues made by the pleadings was the purpose for which appellant possessed the liquor in question, it being alleged in the indictment.that he possessed it for the purpose of sale. The items in . this book were unquestionably admissible upon this issue. Hubbard v. State, 94 Tex. Crim. Rep. 480; Kelly v. State, 95 Tex. Crim. Rep. 138; Sipanek v. State, 100 Tex. Crim. Rep. 489; Sawyer v. State, 104 Tex. Crim. Rep. 522.

The appellant now insists for the first time that the Court should have limited the aforesaid testimony in his charge.ʾ The question was not raised in the lower court but appellant insists that same was fundamental error. There is no merit in this. Ordinarily testimony which goes only to prove one of the main issues need not be limited. Minor v. State, 1 S. W. (2nd) 317; Hamilton v. State, 41 Tex. Crim. Rep. 644; Branch's P. C., Sec. 189. It is only where there is danger of the jury convicting for such other offense or its appropriation by them for an improper purpose that the Court is required to limit such testimony. In no event could this matter be regarded as fundamental error, as such an error in the charge may not be raised for the first time in this Court.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The two counts in the indictment are based upon a single transaction, namely, that which revealed the presence of whisky in the car in which the appellant was driving upon the public road. It was competent for the State to introduce evidence supporting either count or both counts, leaving the jury under the charge to select the count, if any, upon which they would find the accused guilty. Under the count charging the possession for the purpose of sale, proof by direct or circumstantial evidence that the accused, upon other occasions not too remote, had engaged in making unlawful sales of liquor was competent and relevant upon the issue of intent or purpose for which he possessed

the liquor. The memoranda found in his possession at the time of his arrest was admissible as a circumstance tending to show that he was a dealer in intoxicants. The complaint of the court's failure to limit the testimony last mentioned by an instruction in his charge comes too late after verdict. To be available an omission in the charge must be called to the attention of the trial court in a proper manner before the charge is read to the jury. See Arts. 658, 659, and 660, C. C. P., also Banks v. State, 104 Tex. Crim. Rep. 38; Overley v. State, 104 Tex. Crim. Rep. 386.

The motion for rehearing is overruled.

*Overruled.*