Oscar Tate v. The State.

No. 13075. Delivered April 2, 1930.
Rehearing denied May 14, 1930.
Reported in 27 S. W. (2d) 808.

The opinion states the case.

*Baker & Baker* of Coleman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Witness Grady Davidson, a boy nineteen years old, testified that in company with Terrell Hardin, a seventeen year old boy, he went to appellant's house on Friday night and there purchased a bottle of whiskey, for which he paid him $5.00. It was in a pint bottle. He said the officers were at the house when they left to go there. One of these officers testified that he saw Davidson and Hardin leave, going in the direction of appellant's house and in about twenty minutes Davidson returned with a pint of liquor. The officers then searched appellant's residence. They testified to the finding of two bottles of whiskey in a sewing machine and a gallon jug with about two ounces in it and a small funnel sitting close to the jug. They also found where some liquor had been spilled in a chair and on the floor.

The indictment is in four counts. The first charges the possession of intoxicating liquor for the purpose of sale, the second a sale to Grady Davidson, the third a sale to Davidson and Hardin, and the fourth a sale to H. H. McDermitt. All these several counts alleged the offense to have been committed on the 7th day of February, 1929.

Motion was made to quash the indictment, among other reasons because it was confusing, misleading and included four separate and distinct offenses in one indictment. Art. 666 of the Penal Code defining the various offenses pertaining to violation of the intoxicating liquor statute is of such a nature that several offenses therein defined may arise out of the same transaction. "An indictment may contain as many counts charging the same transaction as is thought necessary to meet the emergencies under the testimony, that is, to meet the proof as it transpires and to prevent a variance." Branch's

P. C., Sec. 507, citing Irving v. State, 8 Tex. Crim. App. 46; Keeler v. State, 15 Tex. Crim. App. 111, and many other authorities. Since the offenses are of such character that proof of the transaction might involve proof of all the felonies charged in this indictment, it might, as it did, contain the four counts to meet every probable' contingency and the Court properly overruled the motion to quash.

The Court charged only the first count which was tantamount to an election by the State to rely upon the allegation charging possession for the purpose of sale. Weathersby v. State, 1 Tex. Crim. App. 643; Dalton v. State, 4 Tex. Crim. App. 335.

It is claimed that there was some evidence of the sale of whiskey the day previous. As soon as the two transactions were developed the State elected to stand on the last transaction, which is the one above detailed. The Court withdrew the evidence of a sale the day previous. This was more than the appellant was entitled to, as under the offense charged, where the raiding officers found a quantity of whiskey, proof of a sale so near in point of time as this one is shown to be is properly admitted in evidence as showing the purpose for which appellant possessed the whiskey found by the officers. Hood v. State, 10 S. W. (2nd) 94.

It is contended that the Court erred in permitting the Sheriff to testify that he had searched for and failed to find Terrell Hardin, the young man who accompanied Davidson on his trip to appellant's residence and who did not appear and testify as a witness. Under the circumstances of this case we think the State was entitled to explain the fact why he was not used as a witness. It has been held error to refuse to permit appellant to explain the absence of a witness who might give material testimony to corroborate his defense. Bussell v. State, 98 Tex. Crim. Rep. 170.

Bill of Exception No. 5 presents as error the language of the District Attorney in his closing argument to the jury to the following effect: "That this defendant was selling whiskey to the young boys causing them to burglarize stores." The Court gave an instruction to disregard this statement and the bill is qualified as follows: "The evidence showed that the witness had been charged with several cases of burglary and that Mrs. Hardin requested the Sheriff to catch the bootlegger that got her boy into trouble." The statement of facts shows that the officers were at the home on the night in question, as above stated, and had gone there investigating a burglary case supposed to have been committed by the two wit-

nesses, Davidson and Hardin. The conclusion of the District Attorney under this testimony and the Court's qualification was fairly inferable from the facts in evidence and in view of the penalty assessed, we do not think that same constituted reversible error. Particularly is this true since the evidence of guilt, we think, is ample and the Court apparently in every way possible protected the rights of the appellant. He seems to have given every charge requested by appellant and the record as a whole impresses us with the view that the conduct of the trial judge was unusually fair and that he accorded the appellant all and more than he was entitled to under the law by his rulings.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Responding to appellant's motion, we have again considered his complaint of the refusal of the court to quash the indictment. Each of the matters charged in the several counts of the indictment related to violations of the liquor laws, and may have reflected the grand jury's belief that all grew out of the same transaction. We note that no testimony was offered by the State on the trial in any way tending to show a sale of liquor by appellant to McDermitt as charged in the fourth count. All of the testimony offered related to sales to Davidson and Hardin. Said parties appear from the record to have been together. We think the refusal of the court to quash the indictment was correct. The record further shows that the State did elect as between transactions and counts. We find nothing indicative of the introduction of any testimony of a separate transaction involving either the possession of intoxicating liquor, or its sale other than as relates to Davidson and Hardin. We are cited to no authority holding the action of the court to be erroneous. We think what we said in the original opinion disposing of the complaint of the argument of the district attorney, is borne out by the record, and that the matter was correctly disposed of.

The motion for rehearing will be overruled.

*Overruled.*