Rollin Kellar v. The State.

No. 13074.  Delivered April 9, 1930.
Rehearing denied June 4, 1930.
Reported in 28 S. W. (2d) 800.

The opinion states the case.

*Baker & Baker* of Coleman, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, Judge.—Offense, the unlawful possession for the purpose of sale of intoxicating liquor; penalty, three years in the penitentiary.

Officers searching the residence of appellant found therein a five gallon keg of whiskey, a one gallon jug about two-thirds full, a five gallon empty keg which had had whiskey in it, a large quantity of pint whiskey flasks, some of which were new and were still packed in excelsior, a quantity of corks in a paper sack, besides several fruit jars that had had whiskey in them and some jugs.

It was shown defensively for appellant that three gallons of whiskey were bought from a stranger just prior to the search to be used by appellant for medicinal purposes.  It was the defensive theory that appellant's wife was suffering from an ailment that whiskey would do good and that the whiskey in question was in his possession not for sale but for the use of his sick wife.

Bills Nos. 2 and 3 relate to the alleged improper questions asked a physician by the District Attorney on cross-examination.  This physician was offered as a witness by appellant and his testimony tended to show that whiskey was good for the malady with which appellant's wife was suffering.  This physician was asked if he

thought a quantity of whiskey flasks would be good for defendant's wife and further if he thought the defendant's wife would need five or six gallons of whiskey at a time. We are of the opinion that these questions were not of such prejudicial character as would compel a reversal. These were undoubtedly understood by the jury as sarcastic thrusts at the defense interposed by appellant. It hardly could be contended that the District Attorney had to treat appellant's defense seriously without any right to indulge in facetious and sarcastic references to same. The more appropriate place for these was in argument, but their occurrence under the circumstances recited above was not necessarily reversible. The facts already stated furnished ample basis for a legitimate criticism by the District Attorney of appellant's defense.

After appellant had testified, the effect of his testimony being already set out, the State then introduced one Corbett, who testified that just "one, two or three days" prior to the said search he had purchased from appellant a pint of liquor. This was so closely related in point of time to the offense charged as to be admissible as original evidence of appellant's guilt, that is to show the purpose for which he possessed the liquor. Hood v. State, 10 S. W. (2nd) 94. Under the particular circumstances of this case we think it was also admissible in rebuttal of the testimony offered by appellant and his witnesses in that it tended to show that at the very time appellant claims this whiskey was possessed and used for medicine, some of it was sold to this witness.

The importance of appellant's other bills does not seem to justify discussion. Distinguished counsel for appellant cites no authorities in support of any of his contentions and we know of none that could be cited.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have re-examined the record in connection with the appellant's motion for rehearing and regard the disposition of the case upon the original hearing as correct.

The motion is overruled.

*Overruled.*