### CALVIN TUBBS V. THE STATE.

No. 15740.   Delivered March 29, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 219.

The opinion states the case.

*Myres & Pressly,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Armed with a search warrant, officers went to the residence of appellant. He and his wife were out in front. When they saw the officers both ran into the house, Mrs. Tubbs ahead of appellant, who "hollered for her to hurry." When the officers got to the back they saw Mrs. Tubbs throw two fruit jars containing whisky on a pile of rocks. Both jars broke. One, the officers said, was full of whisky. Appellant threw a pint bottle of whisky but missed the rock pile, and the officers got this. The facts seem amply sufficient.

There are three bills of exception. The first sets out complaint of a conversation had by the sheriff with appellant some ten days before the raid referred to. A number of matters were discussed between the two men, which are set out in the bill, but the objection therein seems to be limited to testimony that appellant said he had lived in Coleman, Texas, and had "handled a little liquor." Our attention is attracted to the fact that the bill further shows that appellant told the officers that he had lived at Brownwood, and had handled a little liquor out there also, but no objection seems to have been taken to this. Since one of the issues in this case was whether appellant

possessed the whisky found, for the purpose of sale, we think the statement made by appellant complained of, admissible as shedding light on his purpose in the possession of the whisky in question.

Bill No. 2 sets out that witness Lambert, the sheriff, testified that in a conversation appellant told him "He had been caught and tried a time or two." When this was said appellant objected, and moved the court to exclude same from the jury's consideration, which objection was sustained and the jury instructed not to consider the statement. We see nothing in Turner v. State, 255 S. W., 439, supporting appellant's complaint that the case should be reversed notwithstanding. The bill sets out no question asked as eliciting such answer, nor does it even show that the statement was made in response to direct examination of any kind. No written request was made for an instruction to the jury regarding it. Nothing in the statement reflects any conviction of appellant, nor was there anything in same as to what he was tried for.

The remaining bill of exception complains of the reception of testimony as to what was found by the search of an outhouse some seventy-five feet from the residence. The ground of objection to this is that the search warrant limited the officers' right to a search of the residence. The affidavit for the search warrant is not in the record, but the warrant refers to same as describing a "certain residence and premises," and commanded the search of same. In Comeaux v. State, 118 Texas Crim. Rep., 223, we upheld a search of a garage on an almost identical description in the warrant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The motion for rehearing is based upon the contention that there was prejudicial error revealed by bills of exception Nos. 1 and 2. The date of the offense is laid on the 9th of May, 1932. It appears in bill No. 1 that shortly before the date of the alleged offense the appellant had a conversation with the sheriff in regard to "engaging in the whisky business." The appellant stated that he wanted to get along with the sheriff but also wanted to make a little money by selling a little liquor. Appellant was told that if he did so the sheriff would make trouble for him. In the same conversation appellant said that he had lived in Coleman and Brownwood and that he had handled a little liquor at both of

those places. It appears from the evidence that when the officers arrived to search the appellant's premises, possessed of a search warrant, the appellant and his wife, who were sitting in the yard, ran into the house as soon as they observed the officers. She was seen by the officers to throw several half-gallon fruit jars containing whisky out of the back door and on a pile of rocks, breaking the jars. She was urged by the appellant to hurry. Appellant also threw a pint of whisky, but missed the pile of rocks, and failed to break the bottle.

From the circumstances above detailed the jury drew the conclusion that the appellant possessed intoxicating liquor for the purpose of sale. The evidence adduced in bill No. 1 is regarded as relevant upon the intent of the appellant which, under the statute, was an issue in the case.

Bill of exception No. 2 is apparently but a repetition of some of the testimony that was discussed in bill No. 1. The bill does not reveal the circumstances under which the testimony was received; nor is it shown that the testimony was received over objection. It is claimed, however, that the evidence revealed an extraneous crime, and for that reason was inadmissible. That part of the bill in which the appellant is quoted as saying that he "had been caught and tried a time or two" was withdrawn by the court. As the matter is presented, it is thought that no reversible error is revealed.

The verbiage of the search warrant authorized the search of the premises of the appellant, including his private residence.

The motion for rehearing is overruled.

*Overruled.*