# G. O. Woodruff v. The State.

No. 22319. Delivered December 9, 1942.
Rehearing Denied January 27, 1943.

The opinion states the case.

*John T. Hutchison*, of Paris, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the possession of whisky for the purpose of sale in a dry area, and was by the jury fined the sum of $100.00.

There are 28 bills of exceptions in the record, many of which are without merit, and which we will not discuss.

The first bill of exception relates to the trial court's refusal to place the witnesses under the rule, as requested by appellant. This bill was qualified by the trial court, and in such qualification it was shown that three of the witnesses were inspectors of the Liquor Control Board, one the sheriff of Lamar County, and the remaining witness a deputy sheriff. That the local officers were used as bailiffs; that there were more than fifty cases called by the court for that day, many of them being cases in which the Liquor Control Board inspectors were witnesses, and who were in charge of alcoholic evidence, and that the exclusion of these witnesses from the court room would have worked a hardship upon the orderly procedure of the court. Appellant excepted to this qualification, and engaged in a lengthy written statement and argument relative to the trial court's qualification to said bill, where-

upon the trial court withdrew his approval of this bill as qualified and ordered the original bill with his qualification appended thereto to be filed as the court's own bill of exceptions No. 1, excluding appellant's exception thereto. Appellant did not file any bystanders' bill. After the trial court had prepared and filed his bill of exceptions No. 1, we think it was the duty of appellant's attorney to have resorted to a bystanders' bill if he continued to be dissatisfied with the court's prepared bill. See 4 Tex. Jur., p. 285, Secs. 199 and 200.

The enforcement of the rule is in the discretion of the court. Art. 645, C. C. P. Action of the court with regard to the rule will be revised only on abuse of discretion. See McMillan v. State, 7 Tex. App. 142; Welhousen v. State, 30 Tex. App. 623, 18 S. W. 300 ; Hahn v. State, 73 Tex. Cr. R. 409, 165 S. W. 218. Also see Branch's Crim. Law, p. 563, Sec. 881. Under the circumstances here shown we do not think the trial court abused its discretion in this matter.

Bill No. 3 relates to State's witness Simpson testifying that: "We had had information," at which point he was interrupted and made no further statement as to such information. We think no error was thus far shown. What the information was is not shown either by the witness or the bill.

Bills Nos. 4 and 5 relate to a search of appellant's car and what the witnesses found therein. It was shown, without denial; that the sheriff requested and received permission from appellant to make such search, and we think that the fact that they found two pint bottles of liquor labeled "whisky" therein was admissible. There are further bills relative to what the labels on such bottles showed. It was testified that these bottles of liquor were given to one Gilbert Hogg, a Liquor Control Board inspector, to keep, and that he had since died, and no one knew where the two bottles were. Under these circumstances we think the witness should have been allowed to say what was on the bottles thus found in appellant's possession.

Mr. McBride testified that he had purchased from appellant some days prior to the search of the car in question a full bottle of liquid and (it) had the Federal stamp across the top, and also had the necessary State tax stamps. "It was a full bottle of whiskey." No objection was made to such a statement. This same witness also testified to another purchase from appellant

at about the same time. "It was just like the other one, it had on it 'Rocking Chair Whiskey'." This was objected to as highly prejudicial and secondary evidence. Then the witness further testified without objection: "It contained a red-brown looking liquid, and Federal stamps were affixed, as well as the State stamp. The label on it said Rocking Chair whiskey, and the seal on it had not been broken." These two prior sales were evidently admitted for the purpose of showing the intent for which the two bottles found in the car were possessed.

There are other bills of exceptions to the witnesses describing the liquid in such bottles found in the car, as well as the labels thereon. This cause was submitted to the jury under the rule of circumstantial evidence, and we think a description of these bottles, lost at the time of the trial, would have been in the same category as if the bottles were present in court. We held in the case of Ferguson v. State, 110 S. W. (2d) 61:

"The labels, stamps, etc., on the bottles were not placed there by the officers making the arrest, but were on the bottles found in appellant's possession. He was charged with knowledge of what was on the bottles, and it was descriptive of the articles so found." See 11 Texas Digest, Key No. 404 (4) ; Smalley v. State, 100 Tex. Cr. R. 128, 271 S. W. 909.

Bill No. 21, complaining of certain remarks of the prosecuting attorney, seems to have been in answer to an attack made upon the validity of the local option law of the county by appellant's attorney, as shown by the court's qualification thereto, and we do not think any error is shown thereby. The trial court gave a correct charge on the law to the jury, including many special charges requested by appellant.

The verdict of the jury, we think, is supported by the evidence, and no error appearing herein the judgment is affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a motion for rehearing in which he insists that we were in error in not sustaining his bills of exception based on admission of testimony relating to labels on the bottles.

The proposition of law stated and the authorities cited will be sustained under proper statement of facts. We have reconsidered the record before us and are thoroughly settled in the view adequately expressed in the original opinion. As therein set out, it is definitely shown by evidence uncontradicted that the labels gave the information that the contents was whisky. The evidence objected to went no further than did that which was not objected to, consequently appellant is in no position to complain of the error.

Motion for rehearing is overruled.