## W. M. SMILEY V. THE STATE.

No. 22606. Delivered November 3, 1943.

The opinion states the case.

*Tom M. Miller,* of Graham, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the possession of whisky in a dry area for the purpose of sale. The punishment assessed is a fine of $500.00.

Bills of Exception Nos. 1 and 2 relate to the introduction in evidence of certain documents and may be disposed of together. The bills recite that appellant had recently theretofore been convicted of the offense of selling liquor in a dry area; that upon his trial in the instant case the State, over his objection, was permitted to introduce in evidence the complaints, informations and judgments of conviction in the former cases. Proof of the former convictions was admissible on the issue of intent, that is, the purpose for which he possessed the whisky in question; but the complaints and informations which were the basis of the former convictions were not admissible, and would not have been admissible, as any evidence in the original trials. But this error is not such a one as would require a reversal of the judgment since the judgments of his former convictions were admissible on the issue of intent.

Appellant prepared some bills of exception complaining of certain remarks of the County Attorney in his closing argu-

ment to the jury. The court declined to approve these bills, stating his reasons therefor, and thereupon filed his own bills of exception in lieu of those prepared by appellant's attorney. These bills, as thus drawn by the trial court, fail to reflect any reversible error.

Appellant next contends that the evidence is insufficient to justify and sustain his conviction. The State's testimony, briefly stated, shows that on the 17th day of December, 1942, the Sheriff and a deputy of Young County, accompanied by an agent of the Texas Liquor Control Board, went to the appellant's home and made a search thereof for intoxicating liquor with his consent. The search revealed two half-pint bottles full of whisky which were introduced in evidence. On cross-examination of the State's witnesses, appellant elicited the fact that when they found the whisky he told them that it was his and that he had it for his own personal use. It was further shown by some of the State's witnesses that appellant was addicted to the use of whisky and drank it whenever he could obtain it.

Appellant testified that two or three days prior to the search of his home, he had been to Fort Worth and purchased the whisky in question from a package store; that he had it for his own personal use and not for sale; that he wanted to keep it for Christmas.

It will be noted from the foregoing brief statement of the evidence that appellant admitted that he possessed the liquor in question. Hence the only contested issue was whether he possessed it for his personal use or for the purpose of sale, and this issue the jury decided adversely to him.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.