JOE MORRISON V. STATE.

No. 24791. May 31, 1950.
Rehearing Denied June 23, 1950.

*Alvin R. Allison* and *Earl R. Allison,* Levelland, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Unlawful possession of whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $600.

For the purpose of making a search of the station for intoxicating liquor, peace officers, armed with a search warrant, went to the filling station operated by appellant. Upon approaching the station they saw appellant come out of a building near the station with four pints of whisky in his hands. Appellant was placed under arrest, and the four pints of whisky were seized.

The record suggests that the officers thereafter searched the filling station and found some whisky, but we are unable to ascertain from the facts the amount so found.

In any event, appellant, testifying in his own behalf, admitted the possession of all the whisky involved, which the state appears to have introduced in evidence. He insists, however, that he possessed it for his own personal use and not for the purpose of sale.

This defensive theory was pertinently submitted by the trial court in his charge to the jury.

The aforesaid admission of appellant rendered untenable his objection to the search of his premises and the result of that search.

. The information followed established precedents and was not subject to any valid objection.

The judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because the state was permitted to ask appellant while on the witness stand as to whether he had ever sold any whisky out at his station. This question was objected to by appellant's attorney that such had not been plead, was immaterial and violated the principle of self-incrimination. Such objection was overruled by the court. It is not shown in said bill whether any answer was ever made to such question. The statement of facts does show that appellant denied ever making such sales, and the matter went no further.

Appellant was charged with the possession of whisky for the purpose of sale, and we think that "in a prosecution for the possession of intoxicating liquor for the purpose of sale, proof of sales made by the accused at a time not too remote is admissible as throwing light upon the purpose for which the liquor was possessed." Hood v. State, 111 Tex. Cr. R. 95, 10 S.W. (2d) 94; Overly v. State, 104 Tex. Cr. R. 386, 283 S.W. 796; Johnson v. State, 98 Tex. Cr. R. 417, 266 S.W. 155.

The motion will therefore be overruled.