DOYLE GILMORE V. STATE.

No. 26,565. November 4, 1953.

No attorney for appellant of record on appeal.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted in the district court of Eastland County for the offense of unlawfully possessing whisky in a dry area for the purpose of sale. His punishment was assessed by the court at a fine of $400.00 and confinement in the county jail for a period of 60 days.

The appellant is charged with having committed the present offense on the 30th day of January, 1953. It is also alleged in the complaint and information that on October 31, 1952, appellant was convicted in Cause No. 19812 in the district court of Hill County for the possession of whisky for the purpose of sale in a dry area. In a further count in said complaint, it is alleged that appellant was convicted on or about July 3, 1950, in Cause No. 7837 in the county court of Eastland County of a like offense.

The trial was had before the court, and the facts reflect that on January 30, 1953, the sheriff of Eastland County, together with certain other peace officers, went to the appellant's home and filling station located in the city of Cisco with a search warrant. During the search of the appellant's premises the officers found two pints of whisky wrapped up in a blanket under the mattress in a bed on one of the rooms occupied by the appellant. At the time the whisky was found appellant stated that he had just gone out and got it and brought it in.

The state properly proved the commission of two prior offenses and that in each instance appellant was charged with the possession of whisky for the purpose of sale in a dry area and showed his conviction therefor.

The state also introduced in evidence certified copies of three final judgments in the district court of Hill County, all being

prior to the instant case, in which appellant was found guilty of the offense of unlawfully selling beer in a dry area. These last three judgments were utilized by the state for the purpose of showing the intent of the appellant in connection with the primary offense charged against him for the unlawful possession of whiskey for the purpose of sale in a dry area.

Under the doctrine announced in Smiley v. State, 146 Tex. Cr. R. 342, 174 S.W. (2d) 973, as well as other cases cited, we think the additional convictions for the unlawful possession of intoxicating liquor for the purpose of sale in a dry area were admissible for the purpose of showing the intent with which the appellant had the two bottles of whisky that were found wrapped up in a blanket under the mattress of the bed in his house, that is, to show the purpose of such possession. There was other testimony relative to this whisky and the appellant denied that he intended to sell the same, but this matter was decided against him by the court before whom the case was tried.

We think that this is the crucial point in this case and that it presents no error herein. This matter is evidenced by Bills of Exception Nos. 2, 3 and 4, and we think the trial court was correct in his ruling relative to the remaining bills of exception presented to us.

It is true that the appellant denied that he had the whisky for the purpose of sale and claimed that it had been brought there by his father-in-law, together with beer that had been consumed, but that the whisky was preserved for future consumption.

The trial court did not see fit to believe this statement, and under the record presented to us, we think that he was correct in his conclusion and judgment of guilty with the punishment above set forth.

The judgment will therefore be affirmed.