**Ardell MILLER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38736.**

Court of Criminal Appeals of Texas.

Nov. 24, 1965.

Weldon Holcomb, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is the unlawful possession of beer in a dry area for the purpose of sale; the punishment, 60 days in jail and a fine of $150.

Trial was before a jury on a plea of not guilty. The evidence offered by the state through the testimony of three officers shows that eleven quart bottles of beer were found at a dancing place where appellant met the officers as they came in and identified themselves; told them he was in charge of the place; that he was selling pigs feet and beer and that he had some beer in the refrigerator. Seven of the bottles of beer were found in the refrigerator and four more were found under a blanket in a "coke" box.

The beer was introduced in evidence and it was stipulated that Smith County was a dry area.

Appellant complains that hearsay evidence was admitted when the witness Robert L. Cosper, Inspector for the Texas Liquor Control Board, was permitted to testify on his redirect examination, in answer to the question "Why did you check this place," "I had been getting complaints."

The witness had testified that his duties were to observe and work liquor law violations in Smith County which would include "minors in possession; possession of liquor for the purpose of sale; consuming after hours; transporting liquor into dry area for the purpose of sale," and that he went

to the place where he saw appellant and found the beer "to look around".

The record also shows that on cross-examination the witness had been asked whether he had checked other places and clubs.

Unlike Cabrera v. State, Tex.Cr.App., 395 S.W.2d 34, and cases there cited, the answer of the witness did not disclose the nature of the complaints and, if they referred to violations of the law, what offense or by whom committed.

■ Appellant's claim of error in this regard is overruled.

Paul Bullock, who was a deputy sheriff of Smith County at the time he accompanied Inspector Cosper to appellant's place, testified that while the three officers were standing with appellant at the door that entered the kitchen he asked appellant if he had any beer there and he said he did. The witness Bullock was then asked and answered: "Q. What then occurred? A. We walked in the kitchen and opened the refrigerator and found seven quarts of Falstaff beer; and I asked the defendant what he got for the beer and he said $1.00."

■ Appellant was not under arrest or in custody at the time and his statement was admissible.

■ We overrule the contention that the court erred in overruling appellant's motion to strike the answer as unresponsive, prejudicial and inflammatory, or to declare a mistrial.

■ In view of the admissions and declarations of the appellant, the trial judge did not err in refusing to charge on circumstantial evidence.

■ The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.