Albert LACY, Appellant,

v.

The STATE of Texas, Appellee.

No. 40821.

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

Rehearing Denied Feb. 14, 1968.

Second Rehearing Denied March 27, 1968.

**930**

Weldon Holcomb, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., William H. Power, Asst. Dist. Atty., Tyler, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for the unlawful possession of wine for the purpose of sale in a dry area; the punishment, two years in jail and a fine of $3,000.

Five prior convictions for offenses of like character were alleged for enhancement of the punishment.

The issue of appellant's guilt or innocence was first submitted to the jury. After return of the jury's verdict of guilty, appellant requested that the jury assess the punishment.

At the hearing on punishment, proof was offered by the state of four of the five prior convictions alleged for enhancement (the state having been permitted to withdraw from the information the allegation, in paragraph 6, of one of the prior convictions). Proof was also offered by the state showing other convictions of appellant for liquor law violations besides those alleged for enhancement.

Upon the trial on the issue of guilt or innocence, state liquor board inspector Gibson L. Hadaway testified that on the morning of March 9, 1966, after having received information that a load of whisky was going to be hauled, he went to a certain location in the northern part of the city of Tyler and stationed himself underneath a vacant house. Soon he observed appellant walk across the street and enter his cafe. Appellant then walked back across the street and the officer saw a Buick automobile being driven in behind a house at 923 West Field Street. People were then observed rushing back and forth from the car into the house at 923 West Field Street. Appellant was observed making a trip to his house and coming back to the house on Field Street with what appeared to be a case of beer. Appellant was then seen to go behind the house where the car was parked and then come out of the house with two sacks, one under each arm. The officer then seized the two sacks and found that each sack contained six four-fifths quarts of Gypsy Rose wine.

In his first ground of error, appellant insists that the court erred in admitting hearsay testimony over his objection when Officer Hadaway, upon being asked on direct examination why he was underneath

the vacant house on the occasion in question, testified:

"I had received information that a load of whisky was going to be hauled and I called Lieutenant Elliott, of the Police Department and had him drop me off, out there."

Wood v. State, 166 Tex.Cr.R. 319, 313 S. W.2d 615, McCormick v. State, 166 Tex. Cr.R. 484, 316 S.W.2d 736, Cabrera v. State, Tex.Cr.App., 395 S.W.2d 34, Hodge v. State, 214 S.W.2d 469, and Rosales v. State, Tex.Cr.App., 399 S.W.2d 541, are relied upon by appellant in support of his contention.

The state concedes that the testimony was hearsay but insists that under the record no reversible error was shown. With such contention we agree.

■ An issue of probable cause for appellant's search without a warrant was made before the jury—which fact distinguishes the case from the above cases cited by appellant. Such testimony was therefore admissible on the issue of probable cause, although such issue was not submitted to the jury in the charge.

■ Further, the mere proof that Officer Hadaway had received information that a load of whisky was going to be hauled—which information did not connect appellant therewith—could not have been injurious to him. In the absence of injury, no reversible error could be shown. Miller v. State, Tex.Cr.App., 396 S.W.2d 128.

In his second ground of error, appellant insists that:

"The trial court erred in allowing the state to introduce evidence at the main trial of the character or reputation of the defendant when same had not been placed in issue."

Appellant predicates this ground of error on the court's action in permitting Officer Hadaway to testify that, in a conversation with appellant regarding the subject of bootlegging, appellant had stated to the witness: " * * * he [appellant] was a bootlegger and that he knew we knew he was a bootlegger," and on the further testimony by the officer that prior to and near the day in question he had "seen Albert Lacy sell beer and whisky; take the money for it and deliver it to cars parked out in the front, to customers out in front of his place of business, several times on Sunday morning, early."

It should first be pointed out that no objection was made to the testimony on the ground now urged in appellant's brief.

Appellant's objection to the witness's testimony was that it was highly prejudicial and inflammatory because it involved extraneous matters. We perceive no error.

■ Appellant's statements in conversation with the witness that he was a bootlegger were admissible against him on the issue of the purpose for which he possessed the wine in question. See: 24 Tex.Jur.2d 170, Sec. 614.

■ The testimony of the officer with reference to having seen appellant sell beer and whisky was admissible on the issue of whether he possessed the wine in question for the purpose of sale. McLendon v. State, 101 Tex.Cr.R. 128, 274 S.W. 159; Moreno v. State, 122 Tex.Cr.R. 178, 54 S.W.2d 509.

Our disposition of appellant's second ground of error also disposes of his third ground of error, which insists that such testimony should not have been admitted because it constituted proof of extraneous offenses and separate acts of misconduct when "the issues of intent, identity or system had not arisen in the case." Such ground of error is overruled.

In his ground of error #4, appellant complains of the court's failure to limit the jury's consideration of the evidence of extraneous offenses and other acts of misconduct in his charge on the issue of guilt or innocence.

**932**

■ We perceive no error, as it is the rule that evidence which goes to prove one of the main issues need not be limited. Lane v. State, 111 Tex.Cr.R. 367, 12 S.W. 2d 1027; Arcos v. State, 120 Tex.Cr.R. 315, 29 S.W.2d 395; Moss v. State, Tex.Cr. App., 364 S.W.2d 389. The evidence of other sales by appellant was admissible to prove the purpose for which he possessed the wine in question—which was one of the main issues in the case. While such evidence showed extraneous offenses, under the rule stated a limiting charge was not required.

In his ground of error # 5, appellant complains of the court's action in permitting the state to introduce in evidence at the hearing on punishment the information in the case. Appellant objected to the information (state's exhibit # 33) on the ground that it was an attempt to bolster the state's case and was hearsay. Urban v. State, 387 S.W.2d 396, is relied upon by appellant in support of his contention.

In Urban v. State, supra, this court, in a majority opinion of two to one, held that an indictment was inadmissible as hearsay. In the opinion the court recognized that it was proper to read the indictment to the jury and for the jury to take it into the jury room during deliberation. The conviction was reversed because of insufficiency of the evidence.

In the instant case, the information was properly read to the jury at the hearing on punishment, except the allegations in paragraph 6 which were withdrawn by the state. The information, with the exception of paragraph 6, was also admitted in evidence and the jury was instructed not to consider the same as any evidence against appellant but only to determine whether the state had met its burden of proof with respect to the allegations of prior convictions. The jury was specifically charged not to consider paragraph 6 thereof, which had been withdrawn by the state.

■ Under the record, we perceive no injury to appellant by the admission of the information in evidence, and overrule the ground of error.

In his sixth and last ground of error appellant insists that in his charge to the jury on punishment the court commented upon the weight of the evidence in paragraph VIII thereof, which was an instruction to the jury with reference to its consideration of the evidence of prior convictions other than those pleaded for enhancement in fixing the penalty in the case.

■ We find no exception to the court's instruction on the ground that it was on the weight of the evidence. We have, however, considered the instruction given by the court and find that it does not assume the prior convictions but specifically authorized the jury to consider the prior convictions "if you find there were any such other convictions of this Defendant." The ground of error is overruled.

The judgment is affirmed.

## DISSENTING OPINION

MORRISON, Judge.

I cannot bring myself to agree with the disposition of appellant's fourth ground of error.

This Court has said on many occasions that evidence of prior sales of liquor is admissible in cases wherein the accused is charged with possession of liquor, but that such evidence is only admissible for the purpose of showing the accused's intent in possessing the liquor. Ybarra v. State, Tex.Cr.App., 401 S.W.2d 608; Davidson v. State, 161 Tex.Cr.R. 486, 278 S.W.2d 861; Gilmore v. State, 159 Tex.Cr.R. 121, 261 S.W.2d 854; Abston v. State, 157 Tex.Cr.R. 500, 250 S.W.2d 214; Carroll v. State, 156 Tex.Cr.R. 533, 244 S.W.2d 828; Morrison v. State, 155 Tex.Cr.R. 106, 230 S.W.2d 808; Dodd v. State, 149 Tex.Cr.App. 278, 193 S.W.2d 819; Lawson v. State, 148 Tex.

Cr.R. 140, 185 S.W.2d 439; Smiley v. State, 146 Tex.Cr.R. 342, 174 S.W.2d 973; Woodruff v. State, 145 Tex.Cr.R. 324, 167 S.W.2d 769; Crutchfield v. State, 144 Tex. Cr.R. 291, 162 S.W.2d 699; Purselley v. State, 142 Tex.Cr.R. 535, 155 S.W.2d 378; McDowell v. State, 142 Tex.Cr.R. 530, 155 S.W.2d 377; Brooks v. State, 138 Tex.Cr.R. 526, 137 S.W.2d 768; Balleu v. State, 128 Tex.Cr.R. 375, 82 S.W.2d 146; Tubbs v. State, 124 Tex.Cr.R. 62, 60 S.W.2d 219; Graham v. State, 122 Tex.Cr.R. 416, 55 S.W. 2d 826; Williams v. State, 119 Tex.Cr.R. 340, 43 S.W.2d 98; Overman v. State, 117 Cr.R. 260, 36 S.W.2d 1021; Kellar v. State, 116 Tex.Cr.R. 301, 31 S.W.2d 632; Kellar v. State, 115 Tex.Cr.R. 368, 28 S.W.2d 800; Tate v. State, 115 Tex.Cr.R. 534, 27 S.W.2d 808; Staglik v. State, 111 Tex.Cr.R. 623, 13 S.W.2d 376.

Failure by the court to limit such evidence to the question of the accused's intent in possessing liquor was error. Evans v. State, 169 Tex.Cr.R. 295, 333 S.W.2d 387; McGowan v. State, 158 Tex.Cr.R. 319, 255 S.W.2d 512; Walker v. State, 146 Tex.Cr.R. 321, 174 S.W.2d 974; Balleu v. State, supra, and Lanham v. State, 99 Tex.Cr.R. 410, 269 S.W. 799. See also Thomas v. State, 63 Tex.Cr.R. 98, 138 S.W. 1018 and Scott v. State, Tex.Cr.App., 68 S.W. 680.

I respectfully dissent.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

We remain convinced that appellant's first three grounds of error, which relate to the admission of testimony of Inspector Hadaway, were properly disposed of in our original opinion affirming the conviction.

Our disposition of appellant's fourth ground of error is vigorously attacked upon the grounds and authorities set out by Judge Morrison in his dissent.

In his brief filed in the trial court appellant set forth as his ground of error No. 4: "The trial court erred in refusing to limit the jury's consideration of extraneous offenses and other acts of misconduct."

The argument found in said brief reflects that the contention was that "assuming the admissibility of the extraneous offenses and separate acts of misconduct," the trial court erred in refusing to limit the jury's consideration of same "to the issues of intent, identity, system, purpose, motive or whatever issue the state contemplated resolving by the introduction of such evidence."

Citing Ernster v. State, 165 Tex.Cr.R. 422, 308 S.W.2d 33, 34–35, the brief urged that the defendant "should not have been tried as a criminal generally."

The objection to the charge was:

"Defendant further objects to the Court's failure to charge the jury in regard to the 'extraneous offenses' introduced before the jury over the objections of the defendant for the reason that the same deprives the defendant of a fair trial and the jury should be limited in their consideration of same."

Art. 36.14 Vernon's Ann.C.C.P. requires that objections to the charge shall distinctly specify each ground of objection.

It is apparent that the objection did not point out what evidence was referred to as "in regard to 'extraneous offenses'."

It is also apparent that the objection referred only to extraneous offenses, whereas the ground of error complained of the court's failure to limit the jury's consideration of extraneous offenses and other acts of misconduct.

The objection made no reference to what limitation the trial court failed to place upon "the consideration of extraneous offenses and other acts of misconduct," but as stated above, it was argued in the brief that evidence relative to extraneous offenses

should have been limited "to the issues of intent, identity, system, purpose, motive *or whatever* issue the state contemplated resolving by the introduction of such evidence."

Assuming that the objection to the court's charge was sufficient and that the court erred in failing to limit some or all of the testimony of Inspector Hadaway referred to in appellant's grounds of error 1, 2 and 3, it does not follow that the omission of such limiting charge is ground for reversal of the conviction.

Art. 36.19 V.A.C.C.P. reads:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.-16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial."

In arguing his ground of error No. 3, appellant pointed out in his brief filed in the trial court that there was no attempt to rebut the presumption that the possession of the 12 quarts of wine was for the purpose of sale, and intent or purpose was not therefore a contested issue before the jury.

This would appear to answer any claim that the omission of a limiting charge was prejudicial insofar as the guilt of appellant of possessing such wine for the purpose of sale is concerned. It seems clear under the record that a charge limiting the evidence referred to in appellant's ground of error Nos. 1, 2 and 3 would have had no effect on the jury's finding on the issue of guilt.

Cases decided prior to the 1965 Code of Criminal Procedure, and other cases which relate to the prejudicial effect of error in the charge of the court submitting the issue of punishment as well as guilt or innocence, may not be applicable where, as here, the issue before the jury does not include punishment.

Appellant elected to have the jury which had found him guilty assess his punishment. Prior convictions alleged for enhancement and others were admissible at such hearing and were proved.

It is difficult to see how appellant could have been prejudiced by testimony at his main trial that he had stated that he was a bootlegger, and that he had been observed carrying on such business at his cafe.

Appellant's motion for rehearing is overruled.

## DISSENTING OPINION

ONION, Judge.

In his exhaustive and well briefed motion for rehearing appellant vigorously takes this Court to task and urges that the Court erred in its original opinion when it stated:

"In his ground of error #4, appellant complains of the court's failure to limit the jury's consideration of the evidence of the extraneous offenses and other acts of misconduct in his charge on the issue of guilt or innocence.

"We perceive no error, as it is the rule that evidence which goes to prove one of the main issues need not be limited. Lane v. State, 111 Tex.Cr.R. 367, 12 S.W.2d 1027; Arcos v. State, 120 Tex.Cr.R. 315, 29 S.W.2d 395; Moss v. State, Tex.Cr.App., 364 S.W.2d 389. The evidence of other sales by appellant was admissible to prove the purpose for which he possessed the wine in question—which was one of the main issues in the case. While such evidence showed extraneous offenses, under the rule stated a limiting charge was not required."

After a careful and mature consideration of the cases as cited by appellant in his motion for rehearing, I have concluded that the trial court erred, over proper objection, in refusing to limit the jury's consideration of the extraneous offenses. It was upon this very ground of error that Judge Morrison dissented originally, and I was in error in voting with the majority.

The rule cited in this Court's original opinion is well recognized and is often applicable. 31 Tex.Jur.2d, Instructions, Sec. 133, p. 706. It is also true that evidence which goes to show motive goes to prove the main case, and is never an incidental matter. Wilson v. State, 70 Tex.Cr.R. 3, 155 S.W. 242. It should be borne in mind, however, that a distinction between motive and intent should be observed with relation to the question of limiting the evidence. It is not necessary to limit evidence that is a part of the offense and which tends to show the motive actuating the party at the commission of the offense, whereas a collateral crime not growing out of the offense in question and which is introduced for the purpose of illustrating the intent with which the crime charged was done should be limited in the court's charge. Weaver v. State, 46 Tex.Cr.R. 607, 81 S.W. 39. See also 31 Tex.Jur.2d, Instructions, Sec. 138, p. 711.

Further, attention is called to 31 Tex.Jur. 2d, Instructions, Sec. 146, pp. 720–722, which reads in part as follows:

"Where evidence of extraneous offenses is admitted under some one of the exceptions to the general rule rejecting this character of testimony, proof of the commission of other crimes than that for which the accused is being tried should be made the subject of a limiting charge. It is well established that when there is introduced evidence of another offense that might be improperly used against the accused, it is proper for the court to forestall such misuse of the evidence by an appropriate charge limiting the evidence to the purpose for which it was admissible. For example, where the defendant is charged with theft of a certain chattel, proof of the theft of other property should be appropriately limited by the charge of the court."

\* \* \* \* \* \*

"In a prosecution for possessing liquor for the purpose of sale, evidence of sales made prior to the date alleged in the indictment, being admissible only to show the purpose for which the defendant had the liquor that was found in his possession, should be limited in its use or effect to proof of this fact." (Emphasis Supplied)

In Balleu v. State, 128 Tex.Cr.R. 375, 82 S.W.2d 146, where the appellant was charged with the possession of whiskey for the purpose of sale as this appellant, this Court said:

"The appellant within the time prescribed by law objected to the court's main charge because it failed to instruct the jury that the testimony of the sale of whisky by the appellant prior to the 29th day of March was admitted for the purpose of showing, if it did show, the purpose of the appellant in having possession of the whisky found on his premises at the time alleged in the indictment. We are of the opinion that the court should have responded to the objection. The various sales of the whisky by the appellant prior to the 29th of March were separate, distinct, and extraneous offenses and were not admissible except to show the purpose for which the appellant possessed the whisky, and the testimony should have been limited to that purpose."

It should be observed further that Lane v. State, 111 Tex.Cr.R. 367, 12 S.W.2d 1027 and Arcos v. State, 120 Tex.Cr.R. 315, 29 S.W.2d 395, cited in the original opinion, were decided prior to Balleu. Both of these cases upon further examina-

tion appear to be distinguishable from the case at bar.

In Lane v. State, supra, the indictment was presented against appellant in two counts, the first charging the unlawful transportation of spirituous liquor capable of producing intoxication, and the second charging the unlawful possession for the purpose of sale of such liquor. The jury was charged on both counts and the appellant was convicted under the first count. At the time Lane was arrested there was found in his possession a book with certain items listed thereon which tended to prove sales of whiskey.

It would appear that Lane is distinguishable from the case at bar because Lane, unlike the appellant in this case, did not object properly to the court's charge and raised the question for the first time on appeal. In the second place, the evidence complained of in Lane was found on his possession at the time of his arrest. In the third place, the evidence complained of in Lane could not have been appropriated by the jury for an improper purpose such as bolstering the state's only witness as in the case at bar.

In Arcos v. State, supra, the appellant was indicted for the murder of Joe Barrientes. The testimony reflected that the appellant killed two other men at the very same time that he shot and killed the deceased.

It would appear that Arcos is not controlling under the facts of the case at bar for several reasons. In the first place, Arcos plead guilty and it cannot be said that the evidence of the other killings occurring at the same time that Barrientes was killed could conceivably affect the jury verdict of guilty. In view of the appellant's plea of guilty before a jury, the jury did not have to so find. Further, Arcos testified for the purpose of mitigating punishment that he was not motivated by malice, therefore taking sharp issue with the state's

theory that he was. Such is not the case at bar where the appellant offered no testimony at all. In Arcos the evidence of the other killings was shown to be res gestae and admissible as such. No limiting charge was required as to such res gestae evidence. Still further, the objection in Arcos was that the court's charge should instruct the jury that in determining punishment they should not take into consideration the other two killings.

In our original opinion Moss v. State, supra, was also cited as authority for overruling appellant's ground of error #4. Upon closer examination, however, it appears that the facts distinguish that case from the one at bar.

In Moss it should be observed that he, unlike the appellant in the case at bar, testified in his own behalf and admitted shooting his wife in December, 1961, for which offense he was charged in the indictment and also admitted shooting her earlier in August, 1961. Further, the appellant Moss testified as to the extraneous offense that occurred in 1955. Both of the extraneous offenses therefore complained of were fully developed by the appellant himself and he offered character witnesses to controvert before the jury the state's allegation of malice. Under the facts of the case here presented, it would not seem that Moss would be controlling with regards to the facts in the instant case.

The majority on rehearing tacitly acknowledges that the rule used to dispose of ground of error #4 originally has no application, for they do not seek to sustain the affirmance on that basis but shift their attack to appellant's timely presented written objection to the court's charge.

The majority suggests that the objection did not point out what evidence was referred to as "in regard to 'extraneous offenses.'" Sight is lost of the fact that there was only one state's witness who related the extraneous offenses.

Article 36.14, V.A.C.C.P., serves a salutary purpose, but it was not designed or intended, however, as a device to prevent fair consideration on appeal of every overruled objection to the charge by allowing the appellate court to find every such objection did not "distinctly specify." See this writer's dissent in James v. State, Tex.Cr.App., 418 S.W.2d 513.

No particular form of objection has ever been prescribed. The accepted test applied to any objection made is whether or not the objection is sufficiently definite to make reasonably apparent to the trial judge the fault complained of when the charge complained of and the objection are considered together. Wiley v. State, 117 Tex. Cr.R. 449, 36 S.W.2d 495; Gill v. State, 84 Tex.Cr.R. 531, 208 S.W. 926.

In considering whether the fault was reasonably apparent to the trial judge at the very time of the objection what was said or not said in subsequent appellate briefs and arguments are not revelant.

When the accepted test is applied to the case at bar, it seems clear that it should have been reasonably apparent to the trial judge who had heard the facts just what defect the appellant had reference to.

In James v. State, 86 Tex.Cr.R. 598, 219 S.W. 202, this Court in construing the language of Article 735, C.C.P., the forerunner of present Article 36.14, said:

"The statute should not be given a construction so technical as to deny the right of review on appeal, where a substantial compliance is shown and its end practically accomplished."

This Court only recently held that Articles 36.14 and 36.15, V.A.C.C.P., control over the provisions of Article 40.09, Sec. 4, V.A.C.C.P., concerning the effect of the certification of a transcription of the court reporter's notes as to objections, etc. Smith v. State, Tex.Cr.App., 415 S.W.2d 206. We should not now construe Article 36.14, supra, so strictly that it will become almost impossible to make a proper objection to the court's charge.

I simply cannot conclude from the record before us that the error of the trial court in failing to respond to appellant's objection was harmless error or that there was no danger of the jury appropriating the extraneous offenses for an improper purpose.

In view of what has been said above and the additional cited by Judge Morrison in his original dissenting opinion, it is obvious that appellant's motion for rehearing should be granted and the judgment reversed and remanded.

I dissent to the overruling of appellant's motion for rehearing.

MORRISON, J., joins me in this dissent.