## C. B. SMALLEY v. THE STATE.

No. 9150.    Delivered April 15, 1925.

Rehearing denied, May 6, 1925.

1.—Transporting Intoxicating Liquor—Evidence—Admissibility of.

It was not error to permit a witness to testify that he took two suit cases, that he saw appellant carrying in the streets of Beaumont, and that they contained twelve bottles each, and that he opened one of them, tasted and smelled it, and knew that the bottles contained whisky, *all* of them. Having testified affirmatively that *all* the bottles contained whisky, witness' means of ascertaining that fact was a question touching the weight of his testimony rather than its admissibility.

2.—Same—Bill of Exception—Incomplete.

Where a bill of exception merely complains of a question propounded a witness, without setting out the answer of the witness, nor sufficiently stating the facts and surroundings so as to make it intelligible, nothing is brought before this court.

3.—Same—Evidence—Whisky Found—Properly Admitted.

It was not error to permit the state to introduce in evidence two suit cases, containing 12 quarts of whisky each, identified as the suit cases appellant was seen carrying on the streets of Beaumont. A long line of cases by this court have uniformly *held* such evidence admissible in this character of cases.

4.—Same—Evidence—Held Properly Admitted.

The condition of appellant's clothing and shoes at the time of his arrest, under the facts of this case, was material, and it was not error to admit this testimony.

5.—Same—Evidence—Statements of Defendant—Bills of Exception.

Where complaint is made of the admission of testimony as to a remark made by appellant, at the time of his arrest, and the bill of exception does not affirmatively show that the arrest had been made at the time, nor any other fact showing its inadmissibility, it presents no error.

6.—Same—Evidence—Rebuttal by State.

Where appellant testified that he was regularly employed by the Houston Construction Company, and had been so employed for about six months, it was proper to permit the state to rebut this, by showing that appellant was not so employed, but hung around the streets, played hotels, and loafed around a taxicab company.

**7.—Same—Facts Sufficient.**

The identification of the two suit cases each containing 12 quarts of whisky as being in the possession of appellant, was complete, this fact together with other circumstances given in evidence, removes any possible doubt as to the sufficiency of the evidence to support the conviction.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, five years in the penitentary.

The opinion states the case.

*O. M. Lord,* of Beaumont, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Jefferson County for the offense of transporting intoxicating liquor and his punishment assessed at confinement in the penitentiary for a term of five years.

The chief witness for the State testified that on or about January 2, 1924, at about 5:30 o'clock in the morning, he saw appellant coming from the safety stop of a railroad on which a train had just arrived from Louisiana. He identified the defendant as having a red suitcase and a black one. He testified to seeing him go to a local hotel in Beaumont and afterwards went and arrested him there, examining the suitcases, and testified that the two suitcases contained twenty-four quarts of whiskey. Appellant testified in his own behalf, denying that he either possessed or transported any whiskey or suitcases, and claimed that he was employed and had been for about six months by the Houston Construction Company in Beaumont.

By bill of exceptions No. 1 appellant complains because the State was permitted to prove by a witness that he took from appellant two suitcases, containing twelve bottles each, and that he opened one of them, tasted and smelled it, and knew that the bottles contained whiskey — all of them. Appellant's contention seems to be that as the witness had examined only one bottle he should not have been allowed to state that all of the bottles contained whiskey. This objection would go to the weight of the witness' testimony, rather than to its admissibility. There is no statement of fact in the bill to the effect that the witness merely gave his opinion as to the other bottles; but, on the contrary, the bill affirmatively shows that the witness swore that all of the bottles contained whiskey. Under this state of the record the bill shows no error.

100 Tex. Crim.—9

By bill No. 2 appellant complains because the State asked C. E. Kennedy the following question: "Mr. Kennedy, do you remember of receiving some liquor from the police department in connection with the Smalley case in the early part of this year?" The bill fails to disclose the answer of said witness, and does not sufficiently state the facts to show error.

Bill of exceptions No. 3 complains that the court allowed the State to introduce in evidence before the jury suitcases containing twenty-four quart bottles, one of them being opened and the others being sealed and corked as whiskey. His contention in this regard is answered by the statement that the suitcases were identified as the same suitcases that the State's witness claimed to have seen appellant carrying on the streets of Beaumont, and the contents were identified as those found in said suitcases when appellant was arrested and the suitcases searched.

Bill No. 4 complains because the county attorney asked defendant what year he spent in the State penitentiary of Oklahoma. This bill fails to show the answer of the witness, and, for aught the bill shows, it was entirely legitimate cross-examination.

Bill No. 5 complains because the arresting witness testified for the State that when he arrested appellant his shoes were muddy and his trousers wet and that it had rained the night before. We think this testimony was entirely proper, as explanatory of the surroundings of the appellant as the time the offense is alleged to have been committed.

Bill No. 6 complains of the testimony of the said witness that at the time of the arrest appellant said, "You needn't do nothing to me, I have been here in bed all night." The bill wholly fails to show either that the arrest had been made at the time of the statement or any other fact showing its inadmissibility.

What has been said with regard to bill No. 6 is equally applicable to bill No. 7, and same shows no error.

Bills of exceptions 8, 9 and 10 complain that the court permitted two witnesses for the State to testify that appellant hung around the streets, played hotels and loafed around a taxicab company. The court qualified these bills by stating that said testimony was in rebuttal of the testimony of the defendant. Appellant accepted the bills with this qualification, and is bound by it. An examination of appellant's testimony shows that he testified that he was regularly employed by the Houston Construction Company and that he had been so employed for about six months prior to the time of the alleged offense. Under this state of facts the State was entitled to show the falsity of this testimony, if it could do so, and the testimony complained of tended strongly to accomplish this purpose.

This disposes of all of appellant's assignments; and, finding no error in the record, it is our opinion that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant complains of the insufficiency of the testimony and it has again been reviewed. The principal State witness testified positively to seeing appellant carry along a public street in the city of Beaumont two suit cases which upon examination were found to contain intoxicating liquor. A train had just come in from the east; appellant was coming from the direction of where the train had stopped; he had a conductor's hat check in his hat and walked into a cafe and set the suit cases down; the State witness watching appellant was an officer and known to appellant; after placing the grips on the floor appellant walked over to a telephone; the State witness watching on the outside for appellant to reappear, said that he did not come out and that there was no way for him to get away except through the rear. Appellant not coming out the front, State witness went inside and took possession of the suit cases. Appellant evidently fled from the officer. In a short time the officers located him and found him in a bed undressed. He claimed to have been in bed all night. His pants showed fresh mud and water on them as also did his shoes. The way from the cafe to the place where appellant was found in bed led through a muddy alley. The fact that appellant denied the carrying of the suit cases or having the whiskey, and that he produced a woman friend of his to testify that she saw him come into Beaumont on another train that morning, would not affect the jury's right to accept or reject whatever testimony they deemed truthful. We have no doubt of the sufficiency of the testimony.

Nor are we able to agree with appellant's contention that the State erred in proving that he had no regular employment at and prior to the time of his arrest, by the testimony of various people who had seen him standing around in the hotels, and street corners and other places. Such statements would have evidential weight as supporting the proposition that appellant was not engaged in any work by which he earned a livelihood incompatible with the business of bringing liquor into the country.

The motion for rehearing will be overruled.

*Overruled.*