## J. E. CARTER V. THE STATE.

No. 9565.   Delivered November 4, 1925.

**1.—Manufacturing Intoxicating Liquor—Evidence—Properly Admitted.**

Where the sheriff had found a complete still in a secluded place and lay in wait at said still to discover the owner, it was not error to permit him to testify that while watching the still, a man named Lewis came up to the still, such testimony not being hurtful to appellant.

**2.—Same—Continued.**

Nor was it erroneous to permit the sheriff to testify that while at the still appellant was arrested about a mile away and brought to the still. The state was entitled to show all of the conditions found at the place where the still was located, and to describe generally the tools and other paraphernalia found at the still.

**3.—Same—Evidence—Opinion of Witness—Properly Admitted.**

Where on a trial for manufacturing intoxicating liquor, there was no error in permitting a witness to testify that he had seen whisky made with

equipment similar to that found, and admitted to belong to appellant, and that the material found was sufficient to make whisky. If not satisfied with the qualification of witness to so state his opinion, appellant should have requested permission of the court to test him on cross-examination, as to his qualification, and not having done so, his objection went rather to the weight than to the admissibility of said testimony.

#### 4.—Same—Confession of Defendant—Properly Admitted.

Where objection is made to the admission of the written confession of appellant on the ground that it was not witnessed by two disinterested witnesses, and it is not shown that appellant could not read and write, such confession was properly admitted. Our statute does not provide that a confession shall be witnessed, except where the accused is unable to read and write.

#### 5.—Same—Evidence—Properly Excluded.

Where appellant had made a written confession after his arrest in which he stated that the still, material, etc., found, belonged to him and no one else had any interest in it, there was no error in refusing to permit him to prove by two witnesses that while he was in jail that he, appellant, had told them that he would confess to owning the still, to get the two witnesses out of it, and that in truth appellant had no interest in it.

#### 6.—Same—Bills of Exception—Improperly Prepared—Not Considered.

There are numerous bills of exception in this record which are entirely insufficient to show any error. They wholly fail to show any facts surrounding the conversation, and fail to state any facts which would in any wise take these statements out of the rule pertaining to self-serving declarations. We again reiterate that it is the well settled rule in this state that the bill of exceptions must state sufficient facts to enable this court to determine from the bill itself that error has been committed, and where a party fails to make his bill sufficiently intelligible to apprise us of the error complained of, it presents no error. Following Robbins v. State, 272 S. W. 176 and cases there cited. Smalley v. State, 271 S. W. 909.

#### 6.—Same—Evidence—Properly Excluded.

Where the general reputation of appellant for truth and veracity had, been placed in issue, it was not error to exclude the testimony of a witness that "He is a mighty good, quiet boy." The answer was not responsive to the question and not pertinent to the trait of character enquired of.

Appeal from the District Court of Rockwall County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*H. M. Wade,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Rockwall County for the offense of manufacturing intoxicating

liquor, and his punishment assessed at confinement in the penitentiary for a term of one year.

The record discloses that about the time alleged in the indictment at a certain flood gate in one of the levies in Rockwall County a still was found. It was a 20 or 25 gallon copper still-boiler with worm attachment, tub and vessels. There was also found at the same place five or six barrels with mash in them and the still had a gasoline burner under it and was connected up with a gasoline tank about twenty feet away with a hollow wire. When found the still was hot. The sheriff's testimony shows that when he found the still he came out and lay down on the outside and that a man by the name of Lewis came there to the still. The record further discloses that two of the officers arrested the appellant some distance away from the still in company with another party by the name of Jarrell. That these two parties were about a mile away from the still asleep in an automobile. The State also offered in evidence the voluntary confession of the appellant which confession as to the warning was in compliance with the statute and in which he, after stating his age, name and place of residence, stated that the still and all material found around the still taken by the Sheriff of Rockwall County belonged to him and also stated that he had been operating said still and that no one was helping him or had any interest in it and also stated that he operated all day Sunday in making whiskey.

The appellant complains in his first bill of exceptions at the court's action in permitting the Sheriff to testify that lay in wait near the still and while there a man named Lewis came to it. The testimony was clearly admissible. It is certainly permissible to show the conditions found at the still and the parties around the still.

By a second bill the appellant complains that the court erred in permitting the Sheriff to testify that the other officers brought the appellant to the still while he was there. There is no merit in this objection. It was certainly permissible in this case to show that the appellant was arrested at the time or shortly after the still was found, and the testimony objected to does nothing more than show this fact. In fact, without discussing each of the bills in detail, we think it clear that the State was entitled to show all of the conditions found at the place where the still was located and to show just what was found there and to describe generally the tools and paraphernalia found at the still.

By bill of exceptions No. 6, appellant complains at the court's action in permitting the witness Hall to testify that he had seen whiskey made with equipment similar to that introduced in evidence and that said equipment was sufficient to make whiskey and that there was sufficient material to make whiskey. The objection to this testimony is that the witness Hall was not a competent witness to testify that such equipment would make whiskey as he only

testified that he had seen whiskey made with a similar equipment. This objection is not tenable. If the appellant was not satisfied with Hall's statement as to his qualification to testify about the matters referred to, it was clearly his duty to obtain the court's permission to cross-examine him further concerning his qualification and failing to do this he cannot complain that the witness was incompetent to testify to the matters. In any event, it occurs to us that the objection to this testimony would go to its weight rather than to its admissibility.

Bill No. 7, complains at the court's action in permitting the State to introduce the written confession of the defendant. His objection to the admission of this statement is that it was not witnessed by two disinterested witnesses. Under the terms of the statute itself, a confession does not have to be witnessed at all unless it appears that the party making the voluntary statement is unable to read and write. No such showing is made with reference to this confession, but on the contrary it seems evident from the bill itself that the appellant was able to read and write.

By bills 8 and 9, appellant complains because the court refused to permit him to prove by the witnesses Lewis and Jarrell that they had a conversation with Carter while Carter was in jail and in which he agreed to confess and to tell that he owned the still and that Lewis and Jarrell had no interest in it and that said agreement was merely made to get them out of it and that he, the defendant, had no connection with the still and that it could not be proved that he had any connection with it.

These bills of exception are entirely insufficient to show any error. They wholly fail to show any of the facts surrounding the conversation and fail to state any facts which would in any wise take these statements out of the rule pertaining to a self serving declaration. It is well settled in this State that the bill of exceptions must state sufficient facts to enable this court to determine from the bill itself that error has been committed and where a party fails to make his bill sufficiently full to do this, he does it at his own peril. Robbins v. State, 272 S. W., 176, and the cases there cited. Smalley v. State, 271 S. W., 909.

Bill No. 10, complains at the court's action in refusing to permit the appellant to testify as to the physical condition of his father and mother. This testimony was properly excluded as it in no way tended to solve any issue involved in the case.

Bill No. 11, complains at the court's action in failing to allow the witness Self to testify that the appellant is a mighty good, quiet boy. This answer was given to a question by the appellant which was as follows: "Do you know what Carter's reputation for truth and veracity is in that community?" to this question the witness answered: "He is a mighty good, quiet boy", and the court sus-

tained an objection to this answer. In doing so, we think he was correct. The answer is not responsive to the question and if the question of truth and veracity was the only trait under investigation, it was not pertinent or proper for the witness to testify to any other traits of the appellant's character.

We think the facts are amply sufficient to support the verdict, and finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.