P. S. SNOW V. THE STATE.

No. 20966. Delivered April 10, 1940.

The opinion states the case.

*Bennett & Bennett,* of Normangee, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted in the District Court of Waller County for the theft of cans of lubricating oil in excess of $50.00 in value and given four years in the State penitentiary.

C. S. Sorsby testified that he lived in Waller County, Texas, and was engaged as distributor for the Sinclair Refining Company; that he had some oil taken from his warehouse on the 2nd day of March, 1938; that it was "as many as thirty-two cases of Opalene oil and as many as twelve cases of Pennsylvania oil." The oil was taken without his consent. The Opalene oil was valued at $3.70 per case and the Pennsylvania oil at $5.00 per case. Sometime after that, a deputy sheriff of Montgomery County informed the complaining witness that he had

recovered some oil, and the witness said that when he visited the court house he saw cans of oil and "recognized some of my figures on some of the cases." The oil in question was presented to the witness in the court room and he said that he there recognized "some figures on this case of oil as being my figures." There were other figures on the case not his own. He testified that he did not recall having distributed any oil in Montgomery County; nor did he have any recollection of having sold any oil to any person from Montgomery County that might have come to his place. He said that he made figures at different times on cases of oil both before and after March 2, 1938, and up until the day of the trial, and had been doing so for several years; that by looking at the cases in question, he did not know when the figures were put there; that it might have been before and it might have been after March 2, 1938. The only means of identifying the oil as his own was by these figures and he had sold oil to other parties with like figures on it. He had had two burglaries; one on March 2nd and the other in September of that year. He did not know the defendant, P. S. Snow.

G. G. Brooks testified that he lived in Montgomery County and on the 3rd day of March, 1938, was working at a filling station for a man named L. W. Jarman; that his residence was about 100 steps from the station. He testified further that the appellant came to his place of business on the 3rd day of March, 1938, about five o'clock in the morning, in company with another party named, Dewey or G. D. Snow. When he went out to the station they were unloading some canned oil just inside of the building, and were doing so without having conversed with him. Later, they came back with an order, apparently from the owner of the station, for their money, and the witness paid for it. They brought a bill, which was for thirty-two cases of Opalene and twelve cases of Pennsylvania oil, the total bill being $92.80, which was much less than the actual wholesale market value of that amount and kind of oil. The receipt was signed "Snow" but there is no evidence to the effect that it was in the handwriting of the appellant. However, he is identified by the witness as being the party who brought it there.

A deputy sheriff later came to the Jarman filling station and got the oil and arrested this witness as being in charge of it and placed him in jail for a time. Jarman was buying and selling oil, wholesale and retail.

The fatal defect in the evidence in this case lies in the

fact that the alleged owner of the oil is unable to identify it as his own. It is simply the same kind and character of oil which he sells and the cases had numbers on them, placed there in his handwriting. He had sold this kind of oil with like figures to many different parties and there is no means of distinguishing the oil in question from that sold to others.

The evidence creates a strong suspicion that the appellant is the guilty party, the chief circumstances being that he sold it for much less than its actual value; that he was not engaged in the oil business; that it was immediately after the prosecuting witness had had his place burglarized and oil taken, but there is no evidence of the presence of the appellant at the place where the Sinclair warehouse was burglarized. After all, it resolves itself into a strong suspicion only and is insufficient to warrant a conviction. See Edgar O'Mary v. State, (No. 20,774), opinion delivered March 27, 1940. (Page 294 of this volume.)

Because of the insufficiency of the evidence, the case is reversed and the cause remanded.