ARCH T. WATSON V. THE STATE.

No. 22614. Delivered October 27, 1943.
Rehearing Denied December 8, 1943.

426

The opinion states the case.

*J. S. Stallings,* of Claude, and *Clem Calhoun,* of Amarillo, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Cattle theft is the offense; the punishment, two years in the state penitentiary.

On or about March 29th, 1942, J. E. Robinson discovered that his blue roan cow had been stolen from his pasture. Some three weeks thereafter, the hide of the cow was found in possession of Eads, a hide buyer. Eads testified that he bought the hide from Doty. Doty testified that the hide was that of a cow he had purchased, from appellant, on March 30th, 1942, which he butchered, after which he sold the hide to Eads.

In addition to these facts, the State showed that, about a week prior to the date of the alleged theft, Adams, the Sheriff of Potter County, called upon appellant and demanded that he pay a balance of something like $50.00 due by appellant upon fine and costs in some hot check cases wherein appellant had been convicted of the offense of swindling by worthless check. The sheriff warned appellant that, unless the matter was settled within the next few days, he was going to put him in jail. On the day appellant sold the cow to Doty, he had Doty call the sheriff, advising him that, if he would come to Doty's place, appellant would pay the balance due on the fine and costs. Adams sent one of his deputies, Le Neveau, to attend to the matter.

When appellant sold the cow to Doty, he executed a bill of sale therefor, and, from the proceeds derived therefrom, Doty, at appellant's request, paid the deputy sheriff a part thereof, and delivered the balance of the purchase price to appellant.

Appellant did not testify as a witness in his own behalf. The testimony of his wife and others was sufficient to show that the cow appellant sold to Doty belonged to him (appellant) and was not, and could not have been, the stolen cow. By the special requested charges of appellant, this defensive issue was submitted to the jury.

Appellant attacks the sufficiency of the evidence to support the conviction. He insists that the open and aboveboard manner in which the sale of the cow was made to Doty, with the execution on his part of a written bill of sale therefor, with full knowledge of and in the presence of a deputy sheriff, constitutes a reasonable explanation of possession by him of the cow, comporting with his innocence.

We are unable to agree with appellant's contention. At no time was appellant's possession of the cow challenged. At no time did he explain—nor was he called upon to explain—his possession of the cow, or how he came to have possession of it. An explanation of possession of stolen property refers to acquisition of property and to how such possession thereof came about. The facts did not constitute an explanation by appellant of his possession of the stolen cow. Moreover, if such testimony be given the construction as being an explanation of possession, the State's testimony was sufficient to overcome any presumption arising by reason of such explanation, for explanation of possession is an inference of fact and not an inference of law. Branch's P. C., Sec. 2464.

The State's testimony shows appellant in the unexplained possession of recently stolen property, fortified by the further fact that he had a motive to steal the property so possessed. Such facts amply authorized the jury to convict.

Appellant objected to all that part of the testimony of the witnesses Adams, Le Neveau, and Doty, showing that the unpaid balance of the fine owed by appellant was on account of his having been convicted of the offense of swindling by worthless check, and that same grew out of some hot check cases, because it was proving the commission by him of another and extraneous crime, in no manner connected with the offense for which he was upon trial.

Ordinarily, and as a general rule, proof of other and extraneous crimes by the accused is not admissible. It is the policy of the law that one accused of crime be tried for that offense alone. However, exceptions to this rule exist, and proof of the commission by the accused of other crimes becomes admissible when such proof tends to establish motive, intent, identity, when such are issues in the case, or when it tends to solve some disputed issue, or when same are a part of the res gestae. 18 Tex. Jur., Sec. 33, p. 61.

Giving effect to the rule stated in the instant case, it appears that the State was warranted in showing that appellant was in need of money as a result of the fine and the warning by the sheriff. Such testimony tended to furnish a motive for stealing·and selling the cow, and was pertinent therefore upon a material issue in the case. However, we are unable to see wherein it was material to any issue in the case that the State show also the crime and the nature thereof, of which appellant had been convicted. Proof of such fact did not come within any of the exceptions to the general rule stated.

It follows that the receipt in evidence of proof of the details of appellant's commission of another and extraneous crime was error.

The State insists that, if the receipt of this evidence was erroneous, its effect before the jury was destroyed by the limiting charge of the court. The charge referred to is as follows:

"Supplementary to and as a part of the Court's Main Charge, heretofore filed and read to you, you are hereby further instructed as follows, to-wit:

"The State tendered, and the court admitted in evidence, over the objection of the defendant, the testimony of W. M. Adams, James LeNevue and J. H. Doty, with reference to certain statements testified to by them and purported to have been made by the defendant, and by said Adams to the defendant, relative to certain so-called 'hot Checks' purported to have been in some way handled by the defendant, and relative to some payment on defendant's direction of money by J. H. Doty to or for the account of the sheriff's office of Potter County, and relative to some purported criminal cause against the defendant concerning said alleged checks.

"If you consider such evidence at all, you may lawfully consider it only for the purpose for which it was offered by the

State, and none other, to-wit: As a circumstance to show, or tend to show, if it does, the motive of the defendant in respect to the taking of the one cattle alleged in the first count of the indictment, if he did so take it, and for no other purpose whatever.

"You cannot legally, and should not, consider, if you consider at all, any testimony or evidence of said witnesses, or either of them, concerning any purported charge in any court against the defendant concerning any 'hot checks,' or whether he was or was not guilty of any wrong or offense against the law in respect to such check or checks, as any circumstance against him to prove or tend to prove his guilt of the theft of the one cattle alleged in the first count of the indictment."

This charge is so contradictory of and within itself as to be meaningless. In the second paragraph thereof, the jury is told that it might consider such testimony—that is, that appellant had been convicted of swindling by worthless check, and that his conviction grew out of some hot check cases—upon the issue of motive. In the succeeding paragraph thereof, the jury is told that it could not consider such testimony as any evidence of appellant's guilt.

A motive for the commission of a crime is a minor or auxiliary fact from which, when established, in connection with other necessary facts, the main or primary fact of guilt may be inferred. 12 Tex. Jur. Sec. 32, p. 254. Motive for the commission of a crime is, therefore, a part of the crime itself, and, of necessity, tends to establish the guilt of the accused. The jury could not consider testimony tending to show a motive for the commission of a crime, without considering it as a circumstance relating to guilt.

We are unable to reach the conclusion that the charge failed to relieve against the erroneous admission of the testimony.

For the reason pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State has filed a motion for rehearing, submitting that this Court erred in that part of the original opinion discussing appellant's bills of exception 1, 2, and 3, relating to the admission of evidence of an extraneous crime.

The original opinion is understood to mean that the State had a right to show that appellant was in need of funds for the purpose of paying a fine which he owed but that it did not have the right to show the kind and character of the offense and the details for which he had been convicted. The writer is in hearty accord with the original opinion on this subject and considers that the reasons for the holding are clearly expressed. It was not necessary in establishing motive for the offense in the instant case that the State show appellant had been previously convicted of swindling by giving hot checks. While the nature of the previous crime added nothing to the question of motive, it did sound pretty loud in picturing the accused as a man who would likely commit the crime for which he was being tried.

The chief contention is that the bills of exception are not so drawn as to show an objection that will reach the point considered in the original opinion. After the several objections were overruled, the witness Adams testified that the "worthless checks" upon which appellant had been convicted for swindling totalled between $100.00 and $120.00. It was permissible for the State to show that appellant was being pressed by the sheriff to pay a fine or fines which had been assessed against him. There was no necessity for developing before the jury the character of offenses nor the amounts involved therein, and evidence so showing was not admissible for any purpose. Under such circumstances, an objection which might otherwise be regarded as too general will save the point. See authorities collated under Sec. 208, page 133, Branch's Ann. Tex. P. C.

The motion for rehearing is overruled.