FRED L. POWELL V. THE STATE.

No. 22809. Delivered April 19, 1944.
Rehearing Denied May 24, 1944.

The opinion states the case.

*W. C. Dowdy* and *J. W. McCullough,* both of McKinney, and *Floyd Harry,* of Farmersville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction of theft by false pretext; the punishment, five years in the state penitentiary.

Theft by false pretext arises under Art. 1413, P. C., and is the obtaining of possession of property of another, by false pretext or device, with the fraudulent intent, at the time the property is acquired, to appropriate it to the use and benefit of the one acquiring same, followed by such appropriation. Maxwell v. State, 115 S. W. (2d) 937, 134 Tex. Cr. R. 311; Nichols v. State, 109 S. W. (2d) 1057, 133 Tex. Cr. R. 294; and authorities cited under Art. 1413, Vernon's Annot. Penal Code.

It was the theory of the State that, on or about the 19th day of June, A. D. 1942, appellant and Ethel Bridgefarmer entered into a written contract whereby appellant contracted and agreed, among other things, to ultimately transfer and assign, to Bridgefarmer, certain oil and gas leases, as a result of which Bridgefarmer, relying upon said agreement, delivered $1,500.00 to appellant, which he appropriated to his own use; that the representations and obligations made and assumed in

the contract were false and untrue, were incapable of performance by the appellant, and were made with the fraudulent intent to acquire Bridgefarmer's money.

The question before us is whether the facts support the State's theory and show that the offense charged was committed by appellant. This is to be determined, solely and alone, from the State's evidence, inasmuch as the appellant did not testify, nor did he offer any testimony.

Bridgefarmer died in September, 1942, after the commission of the alleged offense the previous June, and before the return of the indictment in October, 1942. Consequently, she did not testify.

The State introduced a written contract, bearing date of 9th day of June, A. D. 1942, which showed to have been signed by appellant and Bridgefarmer in Dallas County. The execution of this contract was established, alone, by a comparison of handwritings. No persons testified who saw the parties sign and execute the same, and this notwithstanding the fact that the contract showed, on its face, to have been executed in the presence of two witnesses. The contract contained representations and obligations on the part of the appellant in keeping with the State's theory above mentioned. No useful purpose would be served to set them out in detail. As stated in the contract, the consideration was $2,500.00, paid to appellant by Bridgefarmer, the receipt of which was acknowledged.

As touching the drafting of the contract, it appears that, on the 9th day of June, 1942, appellant went to the office of a lawyer in Dallas and there gave him the data from which the lawyer drew the contract. The amount of the consideration was, at appellant's suggestion, left blank. The contract, after being so drawn, was retained in the lawyer's office, until on or about the 19th day of June, 1942, when appellant went to the lawyer's office and there obtained it from the lawyer's stenographer. When, or where, the contract was actually signed by the parties, or from whose possession it was obtained to be introduced in evidence, or whether it was ever, at any time, in the possession of Bridgefarmer, is not shown. There is no testimony directly contradicting the provision showing that the consideration passing was that of $2,500.00. The testimony establishes the falsity of the representations and obligations made and assumed in the contract, and shows that same were incapable of performance by the appellant.

The effect of the facts mentioned is that, on or about June 19th, 1942, or subsequent thereto, the appellant and Bridgefarmer entered into a written contract, in Dallas County, in which appellant made false representations and assumed obligations which he could not perform, and in consideration of which Bridgefarmer paid him $2,500.00.

The State further showed that,. on the 19th day of June, 1942, Bridgefarmer went to a bank in McKinney, Collin County, and there, by drawing a check against her funds in that bank, purchased a Cashier's Check, payable to appellant, in the sum of $1,500.00. On the same day the Cashier's Check was issued, appellant deposited same to his credit, in a Dallas bank, and, from time to time, withdrew the money. McKinney is 32 miles from Dallas.

Upon the question of intent and motive, the State showed that appellant was in need of funds with which to settle a prosecution then pending against him in Harris County. $700.00 of the $1.500.00 was, on the same day he made the deposit, used by him for that purpose, as a result of which payment, the prosecution was dismissed.

Appellant's guilt is made to depend wholly upon circumstances, the sufficiency of which is to be determined from the facts and circumstances as a whole. It would serve no useful purpose to re-state here the well-established rules relative to the sufficiency of circumstantial evidence to sustain a conviction. We refer to Texas Jurisprudence, Vol. XVIII, Secs. 320-321,, Pages 443-445, therefor.

Of the rules mentioned, none is more firmly established than that which provides that proof which amounts only to a strong suspicion or mere probability is insufficient to support a conviction upon circumstantial evidence. Pullen v. State, 120 Tex. Cr. R. 42, 46 S. W. (2d) 1004; Snow v. State, 139 Tex. Cr. R. 58, 139 S. W. (2d) 266.

Obviously, in order to sustain this conviction, the circumstances, taken together, must lead to a satisfactory conclusion producing in effect a reasonable and moral certainty that the contract was executed prior to, at the time of, or in connection with, the delivery of the Cashier's Check, for it is by the contract alone that a false representation or pretext is shown to have been made by appellant. Therefore, the date the contract was actually executed by the parties became, and is, a matter of

prime importance, for, if the contract was executed after the delivery of the Cashier's Check, the false representations could not have been the inducing cause for the delivery thereof.

The contract showed that it was executed in the presence of two witnesses, one of which was the stenographer who typed the instrument and delivered it to the appellant. Of necessity, these witnesses were in possession of information relative to the date of execution of the contract. Why the State did not call either of these witnesses to testify is not explained in this record. There is nothing to indicate that they were not available to be used by the State. This condition militates against the State's contention that the contract was executed at the time of, or prior to, the delivery of the Cashier's Check to the appellant, and against the idea that the testimony of the absent witnesses would have supported the State's theory.

Moreover, the absence of any testimony that the contract was ever, at any time, in the possession of Bridgefarmer, or among her effects, raises the question as to whether the contract here involved was, in truth and in fact, the basis for the delivery of the Cashier's Check.

In the light of this situation, we are unable to reach the conclusion that the State's testimony shows appellant guilty of the offense charged. There are indeed some very strong suspicions and probabilities pointing to appellant's guilt; but, these fail to constitute proof such as the law requires in order to convict one for crime.

The question of venue arising in this case presents a very serious and troublesome question. In view of the fact that the case is being reversed because of the insufficiency of the evidence to support the conviction, we refrain from determining that question now.

If there be available to the State testimony sufficient to show appellant's guilt, same will probably tend materially to strengthen its position upon the question of venue.

The proof showing the indictment pending against appellant in Harris County and the dismissal thereof after the sum of $700.00 was paid the injured party therein was admissible upon the question of intent and motive. However, proof as to the details of the crime charged should not have been received. Watson v. State, 175 S. W. (2d) 423.

Because of the insufficiency of the evidence to support the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The State's motion in this case quotes from a great number of decisions with which we are familiar. It is then charged that we are inconsistent, apparently taking the position that if a case is submitted to the jury we have no right to pass on the sufficiency of the evidence to convict.

We can subscribe to the doctrine in Cockrell v. State, 117 S. W. (2d) 1106, wherein it is said that "The Court of Criminal Appeals may not substitute its judgment for that of the jury and should not disturb a verdict unless no facts are found to support it." There are suspicious circumstances in the case now before us, but the original opinion definitely calls attention to the failure to have evidence supporting necessary allegations. Each and every fact necessary to be established must be supported by some evidence having probative force. The cases cited by the district attorney in his motion are not in conflict but amply support the opinion in this case and it is not deemed necessary to enter into further and extended discussion of the subject.

The motion gives expression to a desire to have this Court say now whether venue lies in Collin or Dallas County. We do not know what additional evidence may develop. If the State should be able to secure additional testimony sufficient to make a case at all, then a different question would, in all probability, be before us to what we find in the present record. It is presently our view that venue is not shown in either county, because no case was made. We regret our inability to pass on this question in view of the circumstances set out in the opinion.

The State's motion for rehearing is overruled.