**Juan SUSTAITA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38790.**

Court of Criminal Appeals of Texas.

Dec. 1, 1965.

Sam Saleh (Court appointed on appeal only), Lamesa, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is murder; the punishment, 50 years.

Three State witnesses testified that they were engaged in a fight at a drive-in theater on the night in question and that deceased was a participant. The three were armed with knives, and deceased was armed with a stick similar to the big end of a billiard cue. Appellant was not a participant, nor had he been seen by any of the witnesses prior to the time he started firing at the group. One shot entered the center of the back of deceased's neck which caused his death. Appellant then fired twice at another of the participants, but did not hit him.

The Sheriff apprehended appellant some time later, and appellant directed him to a point approximately four miles from town where he recovered a pistol of the same caliber as the bullet which was recovered from deceased's neck.

On the afternoon of the day following the homicide the Sheriff carried appellant to the Department of Public Safety Building in Midland where a written confession was signed by appellant.

Appellant did not testify, but called his father who testified that appellant had never before been convicted of a felony and answered the question, "Has he had any trouble with his head that you know?", by answering, "I guess he did because sometimes he is not in his mind, it runs off."

This case presents an unusual sequence of events on appeal and we will discuss the contentions raised by diligent court appointed counsel in his brief and in argument in the order raised. The statement of facts reflects that the trial was had in the District Court of Dawson County in November of 1960. No notice of appeal was made at the time of sentencing. Pursuant to the judgment of the United States District Court for the Eastern Division of Texas in Cause #4407, styled Juan Sustaita v. Dr. George J. Beto, Director of Department of Corrections, appellant again appeared before the District Court of Dawson County where he was sentenced and notice of appeal was given, and this case is properly before us.

■ Bill of Exception #1 complains of the failure of the Court to appoint counsel at his 1960 trial. This bill is qualified by the statement that "the Court was informed that defendant had employed an attorney and his attorney appeared and represented him at the trial." The record is barren of any showing of indigency and the statement of facts reflects that appellant was represented by counsel of wide experience in the criminal law who is well known to this Court. In the absence of a showing of indigency or request for counsel at the time of his trial in 1960, we are aware of no question raised by the bill.

■ Bill of Exception #2 complains of the absence of his attorney at the time he was sentenced in 1960. Since the judg-ment of the United States District Court is not before us, we can only assume that this was the basis upon which such order was issued. The bill is qualified to show that appellant's attorney was notified, but reported that he did not care to be present for the sentencing. Be that as it may, the Court has now sentenced appellant with counsel being present, and the entire case is before us for full review.

■ Bill of Exception #3 complains of the trial court's denial of an application for writ of habeas corpus. This too is moot as the case is here on appeal.

■ Bill of Exception #4 complains that appellant may be denied credit for the time he has served. We have no hesitancy in assuring appellant that such will not be the case. Upon the re-imposition of sentence, the trial court ordered the sentence to begin to run as of December 8, 1960.

■ Bill of Exception #5 complains of the court's overruling his motion for continuance filed on November 22, 1960. The record fails to reflect any affidavit from the missing witnesses named in the motion that they would testify as alleged in the motion. Such is requisite. Ong v. State, 167 Tex.Cr.R. 452, 321 S.W.2d 91, and cases there cited.

■ Our discussion of Bill of Exception #6 will be limited to the objections interposed at the time. The first objection to the confession was that it was not admissible because it was not witnessed. This is not required by the Statute. Boxley v. State, 100 Tex.Cr.R. 334, 273 S.W. 589, and Carter v. State, 101 Tex.Cr.R. 611, 277 S. W. 395.

■ The only other objection to the confession was that certain matters set forth therein were "too remote", "had nothing whatever to do with any facts in this case" and "tends to prove a crime that has nothing whatever to do with the alleged offense here." While it is true that this

Court has held in Watson v. State, 146 Tex.Cr.R. 425, 175 S.W.2d 423, and other cases that the State may not, in developing its case in chief, prove extraneous offenses, we do not conclude that the admission into evidence of portions of appellant's confession which relate the reasons and means whereby he was armed and at the theater on the night in question constitute reversible error.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.