**Erin Robert RUSSELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 29, 1966.

Rehearing Denied Sept. 16, 1966.

John W. Beard, Bratcher, Rummage, Beard & Flaherty, Owensboro, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Under a two-count indictment, Erin Robert Russell was found guilty of operating a game of chance and of selling liquor without a license, third offense. He was fined $500 and sentenced to one year in the penitentiary on the gaming charge, and was sentenced to three years in the penitentiary on the liquor charge. Russell previously had received two five-year sentences on other charges, and the judgment in the instant case directed that all of the sentences be served consecutively. Appealing from the judgment, Russell asserts eight alleged errors. We find no merit in any of the grounds of error and we shall state our opinion in summary form.

1.

■ The court did not err in overruling Russell's motion for a change of venue. The motion was not filed until the morning of the trial, and no previous notice of the motion was given. Two previous trial dates had been set and on both occasions there had been a continuance. There was no claim that the alleged prejudicial conditions in the county were of recent origin or of recent discovery, so as to supply an excuse for Russell's not having earlier made the motion and not having given reasonable notice as required by KRS 452.220. Under these circumstances the trial court properly overruled the motion. See Shelton v. Commonwealth, 280 Ky. 733, 134 S.W.2d 653.

2.

■ The trial court properly overruled Russell's motion to dismiss the indictment, which motion was based on the alleged fact that the grand jury did not have sufficient evidence before it upon which to base an indictment. Under RCr 5.10 this is not a ground for quashing an indictment.

3.

■ The trial court properly refused to grant a continuance on account of the claimed unavailability of Russell's wife as a witness, and properly refused to allow Russell's affidavit to be read as the deposition of his wife. The interrogation of the wife's doctor disclosed that the wife was physically able to be present and give testimony in open court, but that the experience might cause her to become emotionally upset. Russell had ample knowledge of the alleged condition for a substantial period of time before the trial date, so he could have arranged to have his wife's deposition taken. The court was justified in its ruling on either of two grounds—that due diligence had not been used to obtain the evidence or that the witness was capable of giving testimony in open court and therefore was not excusably absent.

4.

■ The evidence for the Commonwealth was that the alleged sale of liquor and the operation of the game of chance were simultaneous—that the person to whom the liquor was sold also bought a

chance on a punch board. We think the offenses properly were charged in the same indictment under the provision of RCr 6.18 authorizing such to be done "if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan." Being properly joined in the indictment they properly were tried together, in the absence of a showing of special prejudice. RCr 9.12, 9.16.

### 5, 6 and 7.

As a matter of law there was no entrapment of the defendant. The testimony of the police officer was competent and it was acceptable and sufficient to support the convictions. The defendant was not entitled to an instruction on entrapment.

The mere fact that the police officer went to the home of the defendant (who was a "two-time loser" as a bootlegger) with the specific intent to secure evidence of unlawful sale of liquor, that he requested the defendant to sell him some liquor, and that he misrepresented his identity, does not establish a case of entrapment. See Helton v. Commonwealth, Ky., 307 S.W.2d 209; 21 Am.Jur.2d, Criminal Law, Sec. 145, p. 215.

### 8.

The complaint that the penalties are so severe as to indicate prejudice is without merit. The penalty for the gaming offense was the minimum and the penalty for the liquor offense was well below the maximum of five years.

The trial court had free discretion whether to make the various sentences run consecutively. Surely one who commits multiple offenses cannot complain if he is subjected to separate punishment for each offense.

The judgment is affirmed.