Raymond BRYANT and John C. Cole,
Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 14, 1971.

R. Cletus Maricle, Burns & Maricle, Manchester, for appellants.

John B. Breckinridge, Atty. Gen., Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Raymond Bryant and John C. Cole were convicted in the Lee Circuit Court of breaking and entering a storehouse with intent to steal therefrom. They were sentenced to three years in the penitentiary. The sole issue raised on this appeal is whether or not Bryant and Cole should have been allowed a change of venue.

We are of the opinion the trial court did not abuse its discretion in denying their motion. The petition was not made until the date of trial and was not verified. KRS 452.220 provides:

"If the application is made by the defendant, it shall be made by petition in writing, *verified by the defendant,* and by the filing of the affidavits of at least two credible persons, not kin to or of counsel for the defendant, stating that they are acquainted with the state of public opinion in the county objected to, and that they verily believe the statements of the petition for the change of venue are true. The Commonwealth's attorney or in his absence from the county, the county attorney *shall be given reasonable notice,* in writing, of the application." (Emphasis added).

Appellants rely on the principle set out in Shelton v. Commonwealth, Ky., 280 Ky. 733, 134 S.W.2d 653. We do not believe the holding in that case to be applicable here. Before a party is entitled to a change of venue as a matter of law, the requirements of the statute must first be met in that the petition must be in writing, KRS 452.220(2). It must be sworn to, KRS 452.220(2). It must allege facts which show the defendant cannot have a fair trial in the county, KRS 452.210. It must be accompanied by two sworn affidavits which state that the affiants are acquainted with the state of public opinion in the county objected to and that they verily believe the statements of the petition for change of venue are true, KRS 452.220(2) and, in addition to the foregoing, reasonable written notice of the application must be given to the Commonwealth's attorney, KRS 452.220(2). A party is not entitled as a matter of law to a change of venue until such time entitled as a matter of law to a change of venue until such time as he has met

the foregoing statutory requirements. They were not met in this case, as appellant's petition was not sworn to and written notice of the application was not timely served. See Stone v. Commonwealth, Ky., 418 S.W.2d 646; Brunner v. Commonwealth, Ky., 395, 396 S.W.2d 382, and White v. Commonwealth, Ky., 394 S.W.2d 770.

Judgment affirmed.

All concur.