RENDERED: FEBRUARY 9, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0112-MR

CLARENCE COFIELD                                APPELLANT

v.             APPEAL FROM HARDIN CIRCUIT COURT
            HONORABLE JOHN D. SIMCOE, JUDGE
            ACTION NO. 21-CR-00187

COMMONWEALTH OF KENTUCKY                APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND JONES, JUDGES.

GOODWINE, JUDGE: Clarence Cofield ("Cofield") appeals the January 17, 2023 judgment and sentence on the verdict of the jury of the Hardin Circuit Court. We affirm in part, reverse in part, and remand.

## BACKGROUND

On February 6, 2021, Kentucky State Trooper Ethan Whitlock ("Whitlock") observed a minivan traveling north at 97 miles per hour ("mph") in a

70-mph zone on I-65 in Hardin County, Kentucky. Whitlock began following the vehicle as it continued to speed and observed it crossing the center line multiple times without using a signal. Whitlock did not lose sight of the vehicle during the time he was following it. Just after they entered Bullitt County, Kentucky, Whitlock pulled the vehicle over and identified Cofield as the driver.

When he approached the vehicle, Whitlock smelled marijuana. He also observed a partially smoked marijuana cigarette on the center console of the vehicle. Cofield confirmed the cigarette contained marijuana. On this basis, Whitlock asked Cofield to get out of the vehicle. Cofield complied.

Whitlock asked if Cofield had any weapons on his person. Cofield said he did not. Upon patting him down, Whitlock discovered a handgun in a holster tucked into Cofield's waistband. When asked if there was anything else in the vehicle, Cofield informed Whitlock there was another handgun under the driver's seat. Whitlock retrieved the second firearm and found a bag of marijuana under the seat. He also found loose rounds of ammunition in a ski mask in the vehicle's passenger seat. Whitlock found a second burnt marijuana cigarette in a bottle in the driver's side cupholder. The cigarettes appeared to have been recently smoked. He also uncovered a pill that was later found to contain methamphetamine.

Based on his observations, Whitlock initiated a series of six field sobriety tests. During two of the tests, Cofield showed no signs of impairment. During a third, he showed potential impairment. During the remaining three tests, Cofield showed signs of impairment. Whitlock arrested Cofield.

Cofield was charged with speeding,[1] reckless driving,[2] operating a motor vehicle under the influence of intoxicants ("DUI"),[3] possession of a handgun by a convicted felon,[4] possession of marijuana with a gun enhancement,[5] first-degree possession of a controlled substance (methamphetamine) with a gun enhancement,[6] carrying a concealed deadly weapon by a prior deadly-weapon felony offender,[7] possession of drug paraphernalia,[8] and being a first-degree persistent felony offender ("PFO").[9]

---

[1] Kentucky Revised Statutes ("KRS") 189.390(5)(B). This charge was later dismissed.

[2] KRS 189.290. This charge was later dismissed.

[3] KRS 189A.010(1)(c).

[4] KRS 527.040, a Class C felony.

[5] KRS 218A.1422, a Class B misdemeanor. The gun enhancement was later dismissed.

[6] KRS 218A.1415(a)(c), a Class D felony. The gun enhancement was later dismissed.

[7] KRS 527.020(10), a Class D felony. This charge was later dismissed.

[8] KRS 218A.500(2), a Class A misdemeanor. This charge was later dismissed.

[9] KRS 532.080(3).

Cofield testified on his behalf at trial. He claimed his mother rented the vehicle and, except for the marijuana, he had no knowledge of the items found therein. He testified Whitlock had not found a handgun in a holster on his person and that he did not inform Whitlock of the location of the second firearm.

On direct examination, Whitlock testified the two firearms were operable, and he had test-fired two rounds using the firearm found on Cofield's person. On cross-examination, defense counsel questioned Whitlock about the circumstances of the test. Counsel elicited testimony that the test was conducted on the prosecutor's father-in-law's property and that the prosecutor was present and recorded a test video. The Commonwealth then moved to play the portion of the video showing Whitlock firing two rounds from the handgun. Cofield objected. The trial court overruled his objection, and the Commonwealth played the video. After that, Cofield insisted the entire video be played for the jury. The Commonwealth then played the video in its entirety which included the prosecutor identifying himself and describing the firearm.

Regarding the PFO charge, the Commonwealth tendered copies of Cofield's prior convictions in Georgia. Because inadmissible information was included in those documents, the Commonwealth also provided a summary of the convictions. Defense counsel initially argued the summary was insufficient and the jury should be provided with certified copies of the judgments. However, after

conferring with Cofield, counsel agreed to the admission of the summary. The court asked Cofield if he agreed, and Cofield affirmed the decision.

The jury convicted Cofield of operating a motor vehicle under the influence of intoxicants, possession of marijuana, first-degree possession of a controlled substance (methamphetamine), being a convicted felon in possession of a handgun, and being a first-degree PFO. The jury recommended a sentence of fifteen years' imprisonment for being a PFO to run concurrently with three years' imprisonment for possession of a controlled substance, forty-five days' imprisonment for possession of marijuana, and thirty days' imprisonment for operating a motor vehicle under the influence of intoxicants. The trial court marked a box waiving court costs in the judgment affixing Cofield's sentence. The court also checked the box ordering Cofield

> pursuant to KRS411.265 and KRS 532.356 to reimburse costs & fees of incarceration in the amount of record with the Hardin County Jailer as of the date of sentencing. The costs & fees shall be reimbursed to the Hardin County Jailer. The Court takes judicial notice of Hardin County Fiscal Court Resolution 2005-063 and its successor resolutions authorizing and adjusting such costs and fees.

Record ("R.") at 81.

This appeal followed.

## STANDARD OF REVIEW

The standard of review for denying a motion for a directed verdict is "whether, viewing the evidence in the light most favorable to the Commonwealth, any rational juror could have found all the elements of the crime." *Quisenberry v. Commonwealth*, 336 S.W.3d 19, 35 (Ky. 2011) (citation omitted).

We review a trial court's decisions on the admissibility of evidence for abuse of discretion. *Mulazim v. Commonwealth*, 600 S.W.3d 183, 190 (Ky. 2020) (citation omitted).

Cofield has requested we review his unpreserved claims for palpable error under RCr[10] 10.26. Under palpable error review, a defendant must show "the probability of a different result . . . so fundamental as to threaten his entitlement to due process of law." *Huddleston v. Commonwealth*, 542 S.W.3d 237, 245 (Ky. 2018) (citation omitted). We must determine whether the alleged defect "is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Id.* (citation omitted).

## ANALYSIS

On appeal, Cofield argues: (1) the trial court improperly denied his motion for change of venue in violation of KRS 452.510 and Section 11 of the Kentucky Constitution; (2) he was entitled to a directed verdict on the DUI charge

---

[10] Kentucky Rules of Criminal Procedure.

because the Commonwealth presented insufficient evidence of intoxication; (3) the trial court erred by admitting evidence of Whitlock's test firing the handgun because of the prosecutor's involvement in the test; (4) the jury instructions erroneously failed to instruct the jury to fix an underlying penalty for the felon in possession of a handgun charge before fixing an enhanced PFO penalty; (5) the records of Cofield's prior convictions were not properly exemplified under KRS 422.040; and (6) the trial court erred in ordering him to pay jail fees.

First, Cofield's motion for a change of venue was untimely. Generally, "the venue of criminal prosecutions and penal actions is in the county or city in which the offense was committed." KRS 452.510. However, "[w]here an offense is committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the prosecution may be in either county in which any of such acts occurs." KRS 452.550. Venue is not jurisdictional and may be waived by the defendant, "and the failure to make a timely motion to transfer the prosecution to the proper county shall be deemed a waiver of the venue of the prosecution." KRS 452.650; *see also Derry v. Commonwealth*, 274 S.W.3d 439, 443 (Ky. 2008).

On April 25, 2022, the trial court entered an order setting the trial in this matter on September 14, 2022. By order entered on October 7, 2022, the court rescheduled the trial to begin on November 14, 2022. Cofield moved to examine

evidence, including any photographs of the scene of his arrest on October 26, 2022. The trial court granted his motion on November 3, 2022, giving him twenty-seven photographs. Eleven days later, on the day of trial, Cofield moved to change venue from Hardin County to Bullitt County. He alleged the photographs showed he was pulled over in Bullitt, not Hardin County. R. at 59. Before initiating voir dire, the trial court heard the parties' arguments and denied Cofield's motion on the record.

A motion to change venue filed on the day of trial is untimely. *Bryant v. Commonwealth*, 467 S.W.2d 351, 351 (Ky. 1971) (citations omitted); *see also Russell v. Commonwealth*, 405 S.W.2d 683, 684 (Ky. 1966).[11] Cofield was arrested on February 6, 2021, and indicted on February 18, 2021. The location of his arrest was known from the time it occurred. He also had ample notice of his trial date. Even if we were to entertain his argument that he was unaware of the exact location of his arrest until he reviewed the photographs, he still waited until the day of trial, eleven days after receiving them, to file his motion. This delay is unwarranted and unexplained by Cofield. *Thompson v. Commonwealth*, 862 S.W.2d 871, 874 (Ky. 1993), *overruled on other grounds by St. Clair v.*

---

[11] In these cases, the defendants petitioned for change of venue under KRS 452.220(2). Although Cofield moved for change of venue under KRS 452.510, any motion to change venue must be timely under KRS 452.650.

*Commonwealth*, 140 S.W.3d 510 (Ky. 2004) (citation omitted). Cofield's motion was untimely, so venue was waived under KRS 452.650.

Second, Cofield was not entitled to a directed verdict on the DUI charge. "A person shall not operate or be in physical control of a motor vehicle anywhere in this state . . . [w]hile under the influence of any other substance or combination of substances which impairs one's driving ability[.]" KRS 189A.010(1)(c). Cofield argues that the Commonwealth did not meet its burden of proving he was intoxicated beyond a reasonable doubt. He claims the Commonwealth argued only that the marijuana cigarettes found in the vehicle proved Cofield was intoxicated.

However, the Commonwealth presented the jury with more than the marijuana cigarettes as evidence of intoxication. Whitlock testified to Cofield's speeding and crossing the center line without using a signal. He smelled marijuana when he approached the vehicle. He saw the two marijuana cigarettes and found a bag of marijuana and a pill containing methamphetamine. Both marijuana cigarettes were partially smoked and appeared to have been recently smoked. Cofield also showed signs of impairment on at least three of six field sobriety tests. Given this evidence, we cannot find it unreasonable for a jury to find Cofield guilty. *See Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991) (citation omitted).

Third, Cofield invited the admission of evidence of Whitlock's test firing of the handgun and the prosecutor's involvement with the test. "Generally, a party is estopped from asserting an invited error on appeal." *Quisenberry*, 336 S.W.3d at 37 (citation omitted). Cofield argues evidence of the test firing should not have been admitted because Whitlock did it on the prosecutor's father-in-law's property, and the prosecutor recorded the video, which was eventually shown to the jury. Cofield first moved to suppress the video and remove the prosecutor from the case. The trial court denied both motions. At trial, Cofield, not the Commonwealth, first raised the prosecutor's involvement in making the recording. Cofield also requested the entirety of the video, including the portion identifying the prosecutor, be played for the jury. Cofield cannot now claim the prosecutor attempted to use his official position to bolster the video's credibility when he, not the Commonwealth, made the prosecutor's involvement known to the jury. To the extent that there may have been any error, Cofield invited it. *See Robertson v. Commonwealth*, 677 S.W.3d 309, 324 (Ky. 2023).

Furthermore, the prosecutor did not insert himself as a witness by recording the test firing of the firearm. "A lawyer shall not . . . in trial, . . . assert personal knowledge of facts in issue except when testifying as a witness." SCR[12]

---

[12] Rules of the Supreme Court of Kentucky.

-10-

3.130(3.4)(e). The Supreme Court of Kentucky has found error when a prosecutor made assertions of fact during direct examination which allowed "his or her credibility to be substituted for that of the witness." *Holt v. Commonwealth*, 219 S.W.3d 731, 737 (Ky. 2007); *see also Fisher v. Commonwealth*, 620 S.W.3d 1 (Ky. 2021). Here, the prosecutor in no way substituted his credibility for Whitlock's. Although how the firearm was tested may have been unusual, the prosecutor's actions did not amount to a violation of Cofield's Fifth Amendment rights.[13]

Next, there was no palpable error in the jury instructions. This issue was unpreserved. Cofield claims the jury instructions did not follow the procedure in *Commonwealth v. Reneer*, 734 S.W.2d 794, 798 (Ky. 1987). Therein, the Supreme Court held

> If the accused is also charged as a persistent felony offender, the penalty phase and a persistent felony offender phase can be combined because the same evidence that is pertinent toward fixing the penalty is also pertinent for consideration in the enhancement of sentence, and the jury in the combined bifurcated hearing could be instructed to (1) fix a penalty on the basic charge in the indictment; (2) determine then whether the defendant is guilty as a persistent felony offender, and if

---

[13] The Commonwealth correctly asserts that it did not have a burden to prove operability of the firearm in this matter. Although inoperability is available as an affirmative defense, proof of operability is only required where "non-speculative evidence" is presented which calls the presumption of operability into reasonable doubt. *Commonwealth v. Jones*, 283 S.W.3d 665, 671 (Ky. 2009). Cofield presented no such evidence.

-11-

so; (3) fix the enhanced penalty as a persistent felony offender.

*Id*. This is considered the "better practice" for trial courts to follow. *Sanders v. Commonwealth*, 301 S.W.3d 497, n.1 (Ky. 2010).[14] However, "a jury's failure to set a penalty for the underlying offense before finding PFO status does not violate the provisions of the PFO statute." *Owens v. Commonwealth*, 329 S.W.3d 307, 319 (Ky. 2011) (citation omitted). Furthermore, where there is no proof of an illegal sentence, "any error in not requiring the jury to fix an underlying sentence was a mere procedural defect[.]" *Montgomery*, 320 S.W.3d at 49 (citation omitted).

Here, Cofield argues the jury did not first fix a penalty for the underlying charge of being a convicted felon in possession of a handgun before finding him guilty of PFO and fixing the enhanced penalty. He does not allege this resulted in an illegal sentence. Therefore, the trial court's failure to follow the *Reneer* procedure was not a palpable error.

Additionally, Cofield waived his argument regarding the certification of his prior convictions under KRS 422.040. Cofield concedes his argument is unpreserved. Appellate review is not available where a defendant explicitly

---

[14] The "*Reneer* procedure is highly preferable because in those cases where the only reversible error relates to the PFO charge, there is a sentence on the underlying charge, limiting the necessary proceedings on remand." *Montgomery v. Commonwealth*, 320 S.W.3d 28 n.4 (Ky. 2010).

waives any objection to the admission of evidence. *Tackett v. Commonwealth*, 445 S.W.3d 20, 29 (Ky. 2014) (citation omitted).

At trial, regarding his prior felony convictions, Cofield's counsel initially argued the jury should be provided with certified copies of each original judgment instead of a summary. However, after further discussion, counsel stated, "We don't need to admit the judgments to the jury." Video Record ("VR") 11/16/2022 at 2:08:1-13. The court then asked Cofield if he had discussed this decision with his counsel and whether he agreed with counsel. Cofield agreed. *Id.* at 2:08:21. This amounts to a waiver of his argument.

We further note that Cofield does not allege how the outcome of his case might have been changed had the jury been provided with records that complied with KRS 422.040. He does not allege such records would have included any new or different information, which might have led the jury to reach a different conclusion. Without such proof, there can be no palpable error.

Finally, the trial court erred by *sua sponte* ordering Cofield to pay jail fees. Cofield acknowledges his argument is unpreserved. The Commonwealth concedes the trial court erred in imposing jail fees without hearing from the parties on the issue. Cofield argues, in part, that the trial court should not have imposed jail fees under KRS 441.265(1) because it previously found him indigent. A prisoner in county jail shall be required to pay jail fees "except for good cause

shown." KRS 441.265(1). "Good cause" may include an inmate's inability to pay, but a prior finding of indigency does not necessarily bar a trial court from imposing jail fees. *See Jones v. Commonwealth*, 382 S.W.3d 22, 33-34 (Ky. 2011). While the trial court's prior indigency determination did not prevent the imposition of jail fees, it erred when it did not allow Cofield to be heard. On remand, the trial court must allow the parties an opportunity to be heard, and Cofield may then present evidence of his inability to pay.

## CONCLUSION

Based on the foregoing, the judgment of the Hardin Circuit Court is affirmed in part, reversed in part, and remanded for additional proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Bryan D. Morrow
Assistant Attorney General
Frankfort, Kentucky